L. H. McQuity, Appellant, v. Edwin Q. Doudna, Edwin
    J. Doudna, S. Louisa Hull, S. W. Goodhue, Nel-
    son Hull, and J. T. Liddle, Executors of the
    Estate of O. N. Hull, Deceased.

Tax Deed: NOTICE OF REDEMPTION. Under Code 1873, section 894,
    providing that before a tax deed is issued, the holder of a certifi-
    cate shall serve on the person in possession and the person in
    whose name the land was taxed, notice of the expiration of the
    time of redemption, and authorizing service by publication in
    case of non-residence, a service by publication where the owner
    was in fact a resident of the state, though defective, will not ren-
    der the deed void.

WHO MAY QUESTION. Title under a valid tax deed is sufficient to
    enable the holder to question the right of one claiming under a
    subsequent tax deed, under Code 1873, section 897, providing that
    no person can question the title acquired by a tax deed without
    first showing that he or the person under whom he claims had
    title at the time of the sale.

*Appeal from Linn District Court.*—Hon. William P.
                        Wolf, Judge.

            Wednesday, February 3, 1897.

    Suit in equity to quiet title to a certain lot in the
city of Cedar Rapids. The plaintiff claims title to the
land under and by virtue of tax deed issued to him by
the city collector of the city of Cedar Rapids. The
defendants deny the validity of the tax title, and ask
to be permitted to redeem, offering to reimburse
plaintiff for the amount of taxes paid by him. The
lower court held the tax deed void because issued
without notice, and decreed that defendants might
redeem from the tax sale. Plaintiff appeals. —
*Affirmed.*

*John A. Reed* for appellant.

*Deacon & Good* for appellees.

DEEMER, J.—The questions of law and fact involved in this case are the same as those arising in the case of *Crawford v. Liddle*, 101 Iowa, 148 (70 N. W. Rep. 97), with this exception: In this case appellant claims that none of appellees have any such title as entitles them to question the tax deed. He cites Code, section 897, which is as follows: "But no person shall be permitted to question the title acquired by treasurer's deed without first showing that he, or the person under whom he claims, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title, as aforesaid." The facts, as disclosed by the abstract of title attached to plaintiff's petition, and the agreed statement of facts upon which the case was tried, are that O. N. Hull platted the land in which the property in dispute is located. He afterwards sold the lot to Mrs. Peet. Mrs. Peet sold it to Edward Q. Doudna. Doudna gave a mortgage back to Mrs. Peet, and she assigned this mortgage to O. N. Hull. This mortgage is not satisfied of record. On the twenty-eighth day of August, 1888, the treasurer of Linn county executed a tax deed for the lot in question to C. J. Hull. Hull conveyed to S. Louisa Hull, and S. Louisa Hull conveyed the lot by quit-claim deed to Nelson Hull and J. T. Liddle, executors of the estate of O. N. Hull, deceased. It is claimed in argument that this last conveyance was made to place the legal title in the estate of O. N. Hull, where it in fact belonged, and that S. Louisa Hull was at all times a

trustee, holding the title to the lands for the benefit of O. N. Hull. There is no proof of this, however, and we cannot assume it to be true. It is apparent, however, that the executors now hold title to the land through certain mesne conveyances from the state, and that there is also an unsatisfied mortgage upon the lot in favor of the estate which they represent. Some of their intermediate grantees also held title from the state under this tax deed at the time the property was sold to plaintiff. Now, we have frequently held that a tax deed is not derivative, that it creates a new title in the nature of an independent grant by the sovereign authority, and that it extinguishes the patent title. So that, if this tax deed to C. J. Hull is valid, defendants have such title as that they may question the plaintiff's deed. It is said, however, that this deed to Hull is invalid for the reason that no sufficient notice was given by the purchaser of the expiration of the time of redemption from tax sale. The facts with reference to this matter are as follows: At the time of the expiration of the period of redemption E. J. Doudna was in possession of the lot. It was taxed, however, to O. N. Hull, for that year. The holder of the certificate of purchase gave notice, by publication, to these persons, which was in the form required by law. The affidavit of the purchaser shows that Doudna was a non-resident at the time the notice was given. It is agreed that O. N. Hull was a resident of Linn county during the year 1887, but whether within the state at the time the notice was given, is not agreed, and no proof was offered regarding this matter. The presumption arising from the tax deed under which defendants claim, is, that the notice was given. And we have further showing, that a notice was given by publication. Such a notice is proper, under section 894 of the Code, when the owner is a

non-resident. It is no doubt true, that the notice given in this case was defective, for the reason that the owner, who was a resident of this state, was served with notice by publication. But was the deed issued upon such notice void, and can the plaintiff, who holds a subsequent tax deed, issued without any kind of notice, question it in this proceeding? We think not. In the case of *Bowers v. Hallock*, reported in 71 Iowa, 218 (32 N. W. Rep. 268), it is said: "If, however, the notice to redeem required by statute is not served, or if the proof of service of the notice required by law was not on file in the treasurer's office when the deed was executed, the land remained subject to redemption. The deed, however, is not void. It conveys the title to the purchaser, who holds it, subject, however, to be defeated by the redemption of the land when the right of redemption is established and exercised in the manner provided by law." This case squarely holds that the deed is not void, and it may be a serious question as to whether plaintiff can attack it or not. This we need not decide, however, for it is clear that the defendants have title to the land through the tax deed, executed in the year 1888, subject only to the right of redemption. This conclusion renders it unnecessary to determine whether the defendants would be entitled to redeem from the city tax sale by virtue of the unsatisfied mortgage held by the estate which they represent, or by reason of their having color of title under the tax deed. Nor are we required to determine whether plaintiff's attack upon the deed is barred by the five-years' statute of limitations applicable to tax deeds, in view of the fact that the service of notice was simply defective. We agree with the court below in his conclusion as to the law of the case, and the decree is AFFIRMED.