## MALCOLM McLOUD vs. ELLEN MACKIE.

Suffolk.    December 7, 1899. — March 1, 1900.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Writ of Entry — Tax Title — Disseissin — Statute — Constitutional Law.*

The grantee in a deed, made since St. 1891, c. 354, from the purchaser at a sale of the land for taxes assessed upon the whole estate to one of two joint owners thereof, may maintain a writ of entry to recover the same against a person, who, having been in occupation as a paying tenant of the owner, upon condemnation of the premises by the board of health, vacates them and afterwards repairs them at his own expense to the satisfaction of such board, and then moves back and occupies them without paying rent for several years.

The St. 1891, c. 354, providing that "notwithstanding disseisin or adverse possession, any conveyance of real estate otherwise valid shall be as effectual to transfer the title as if the owner of the title were actually seized and possessed of such real estate, and shall vest in the grantee the rights of entry and of action for recovery of the estate incident to such title," is constitutional.

WRIT OF ENTRY, to recover a parcel of land in Boston. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Aiken,* J., who found for the demandant; and the tenant alleged exceptions. The facts appear in the opinion.

*R. Lund*, for the tenant.

*H. G. Allen*, for the demandant.

KNOWLTON, J.   The real estate in question was owned by John O. Bradford from the time of his purchase of it in 1862 until his death on October 17, 1897   It then passed by descent to his sons James O. Bradford and Edward T. Bradford.   The bill of exceptions shows that the share of Edward was conveyed by a series of deeds duly acknowledged and recorded, the last of which is to Elizabeth B. Wheeler, and was dated and recorded April 18, 1895.   On May 1 of that year the whole estate was taxed to her, and was subsequently sold for non-payment of taxes, and the demandant has this tax title.

The Pub. Sts. c. 11, § 13, as amended by the St .1889, c. 84, read in part as follows: " For the purpose of assessing and collecting taxes on real estate, the persons appearing in the records of the county where the real estate lies as the owners thereof on the first day of May, even if deceased, shall be held to be the true owners thereof."   The St. 1888, c. 390, § 56, is in these words: " Every sale or taking of real estate for pay-ment of· taxes shall be deemed to be in the name of the owner or owners thereof, if the proceedings of assessment, sale or taking are made in the name of one or more of the persons who appear as record owners of such estate at the date of assessment ; but any taking of real estate for payment of taxes shall be of the whole estate, and no sale or taking shall be of the undivided interest of any one or more of the joint owners thereof."

On May 1, 1895, Elizabeth B. Wheeler was the owner of the property within the meaning of the statute, and the tax upon the whole estate was properly assessed to her, and the sale for non-payment of taxes gave the demandant a good title to the whole, subject to redemption.   The tenant in this case was a tenant in occupation of the premises holding under the owner from 1877 to July 1, 1884, and she paid rent therefor from March, 1879, to March, 1884.   The only evidence on which she founds her claim to a different title since is that in June, 1885, the board of health condemned the premises and ordered the tenants to move out, which she did at once ; that she after-wards put the premises in repair at her own expense to the

satisfaction of the board of health, and moved back, and has remained there ever since without paying any rent.

The evidence well warranted a finding for the demandant upon his tax title alone. The tenant's contention that the demandant's title is bad because the grantors in some of the deeds were disseized when they made the deeds, cannot avail her. The deed to the demandant from Gove, the purchaser at the tax sale, was made since the passage of the St. 1891, c. 354, which makes a conveyance of real estate as effectual to transfer the title when there is a disseizin or an adverse possession as if the grantor were in possession. We see no reason to doubt the constitutionality of this statute. This contention, therefore, cannot affect the tax title. Moreover, the judge was not bound to find, and it is at least doubtful whether he would have been warranted in finding, that there was a disseizin.

The demandant also shows another independent title to the whole of the property, and we do not intend to intimate that he could not safely rest his case upon it if it were necessary to do so.                              *Exceptions overruled.*