ELLEN L. HUNT & another *vs.* CITY OF BOSTON.

Suffolk.   January 15, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Tax*, Sale.   *Conversion.*

A sale of land for non-payment of taxes assessed to the general owner extinguishes, after the expiration of the period of redemption, the interest of one holding a deed from a predecessor in title of the general owner giving the grantee a right to take gravel from the land down to a certain grade during a period of ten years.

One from whose land gravel is taken without right, if it is immediately used by the trespasser, may elect to recover for the conversion of the gravel as personal property after its separation from the land, instead of seeking damages for the trespass upon his real estate.

TORT, for the conversion of gravel.   Writ dated January 26, 1895.

In the Superior Court the case was heard by *Hardy*, J., without a jury, upon an auditor's report.   The judge found the facts to be as set forth in the auditor's report.   He ruled that the plaintiffs were entitled to recover $990.12 with interest from the date of the writ, and reported the case for determination by this court, such judgment to be entered as law and justice might require.

*H. W. Putnam*, (*J. F. Burke* with him,) for the plaintiffs.

*A. L. Spring*, for the defendant.

KNOWLTON, C. J.   The plaintiffs are owners of a large tract of land consisting of marsh, beach and flats in Dorchester, Boston, which they acquired from a person who was the purchaser at a sale for non-payment of taxes assessed for the year 1889 to Benjamin F. Butler who was then the owner of the property. Previously to Mr. Butler's acquisition of his title the former owners made and delivered to the city of Boston an instrument under seal, which was duly acknowledged and recorded, whereby they conveyed to the city for a valuable consideration fifty-three hundred and forty squares, more or less, of gravel situated on this lot, and gave to the city, its successors and assigns, full right, license and permission to enter upon this land at any and

all times during the period of ten years from the date of the deed, for the purpose of digging out and removing the gravel down to a grade fourteen feet above the city base. They also covenanted that they were seised of the land and gravel, and that the same were free from all incumbrances, and that they would warrant and defend the same to the city, and that neither they nor their heirs nor assigns would revoke the license to enter upon the land and remove the gravel. The deed to Mr. Butler, and the several mesne conveyances bringing the title from the city's grantors to him, were made with an exception and reservation to the city of the "gravel, earth, soil and stones, and rights in relation thereto" set forth in the deed to the city. All the proceedings relating to the assessment and collection of the tax, including the sale and deed, were legal and proper, unless the assessment of a tax to Mr. Butler alone as owner was improper. The tax deed from the collector was made on September 20, 1890, and recorded on September 24, 1890, and the deed to the plaintiffs from the purchaser at the tax sale was dated September 20, 1890, and acknowledged and delivered April 6, 1891, and recorded July 19, 1893. The plaintiffs have regularly paid the taxes since assessed upon the property, which has never been redeemed from the tax sale.

The city of Boston, soon after its purchase, began carrying away gravel, and has carried away large quantities since the plaintiffs' acquisition of their title, the quantities and values of which, taken in the different years, appear in the auditor's report. A certain quantity was taken below the grade fourteen feet above the city base specified in the deed. In this action of tort, with counts in trespass, trover and trespass on the case, the plaintiffs seek to recover the value of the gravel taken since they acquired their title.

The first questions relate to the validity and extent of the plaintiffs' title. As to its validity, the only question open is whether the tax could be assessed to Mr. Butler alone, in view of the deed held by the city. We think there is no reason for doubt that it was properly assessed. He was the general owner and the holder of the record title, and under the St. 1888, c. 390, § 56 (R. L. c. 13, § 56), even if the city were considered also the holder of a kind of record title, an assessment to one of the gen-

eral owners of record is sufficient. *McLoud* v. *Mackie,* 175 Mass. 355. The assessment having been properly made and all the subsequent proceedings having been legal, the plaintiffs acquired a valid title. What is the effect of their deed, and what does their title cover? This question involves an inquiry as to the effect of the deed to the city, and the effect of the tax sale upon such an outstanding interest as was conveyed by that deed.

There is no doubt that an owner of land may make a valid conveyance of an interest in real estate which will give complete ownership of a valuable part of the property, while at the same time he may retain his general ownership of the whole tract for other purposes which do not interfere with the rights which he conveys. Minerals, mines, quarries and other similar portions of the estate may be conveyed even in fee, while the rest is retained. *Chester Emery Co.* v. *Lucas,* 112 Mass. 424. *Adams* v. *Briggs Iron Co.* 7 Cush. 361, 366, 367. *Lamb* v. *Pierce,* 113 Mass. 72. In reference to the interest conveyed to the city, the case of *White* v. *Foster,* 102 Mass. 375, is almost identical with the present case. Under the decision in that case, we think it plain that the city acquired an interest in the land, which was either in the nature of a lease for ten years for uses incident to the removal of the gravel, with a right to appropriate and carry away the specified portion of the property during the term, or a title to the designated part of the substance of the land, with a right to enter and remove it at any time within ten years. Whichever it was, the right and title would cease any longer to have a separate existence after a sale of the property for a tax assessed upon it to the general owner, except as it might be the foundation of a right of redemption from the sale. In *Flax Pond Water Co.* v. *Lynn,* 147 Mass. 31, 34, a case in which the division of ownership related in part to the use of the land itself, and not merely to the structure upon it, Mr. Justice Charles Allen said in the opinion, " The assessors were not obliged to inquire into the details of the title, but might assess the whole value of the land thus occupied to the person maintaining and exercising such an easement, or to the owner of the soil." The principle has been applied repeatedly to real estate consisting of land and a building upon it held by different owners. *Milligan* v. *Drury,* 130 Mass. 428, 430. *McGee* v. *Salem,* 149 Mass. 238. *Flanders* v.

*Cross*, 10 Cush. 514, 516. Also to mortgagors and mortgagees. *Parker* v. *Baxter*, 2 Gray, 185, 189. *Coughlin* v. *Gray*, 131 Mass. 56. *McGauley* v. *Sullivan*, 174 Mass. 303. See *Butler* v. *Stark*, 139 Mass. 19. The rule generally stated is that a sale of land for a valid tax gives a paramount title, free from the ownership or incumbrance of rights previously existing which had been carved out of the property by an owner, or which had been acquired in it by prescription or otherwise. *Langley* v. *Chapin*, 134 Mass. 82. *Parker* v. *Baxter*, 2 Gray, 185. *Perry* v. *Lancy*, 179 Mass. 183, 186. *Emery* v. *Boston Terminal Co.* 178 Mass. 172, 184. *Hefner* v. *Northwestern Ins. Co.* 123 U. S. 747, 751. *Textor* v. *Shipley*, 86 Md. 424, 438. *Byington* v. *Rider*, 9 Iowa, 566, 568. *McQuity* v. *Doudna*, 101 Iowa, 144, 146. It would be impracticable for assessors in making assessments to ascertain the various interests in real estate held by the several tenants occupying large buildings in our great cities, and it would be even more impracticable, in collecting taxes by a sale of real estate, to make a sale only of the particular title and interest held and retained by the general owner, leaving untouched all other interests in the property which he had created by valid conveyances for long or short terms. We can conceive of conditions, like the ownership of estates of freehold in different portions of the same land, such as a title in fee to the mines in one owner and a title to the soil in another, which might give rise to difficult questions which we need not decide in this case. But confining ourselves to the facts before us, we are of opinion that a sale of the land upon a tax against the general owner, gave a title which was good as against the city, after the time for redemption from the sale had expired.

The fact that the gravel was removed by the superintendent of streets does not relieve the city from liability for that taken from below the grade fixed by the deed, any more than for that taken from above it. The auditor has found that, " The city . ˙ . . removed practically all of such gravel, loam and trees by its superintendent of streets, and used the same," etc. This is an express finding that the removal was by the defendant, and that the superintendent in doing this work was not acting independently as a public officer, but as the agent of the city, taking under its authority the property which it had˙ bought, and that also which

he supposed it had bought.  *Collins* v. *Greenfield*, 172 Mass. 78.
*St. Germain* v. *Fall River*, 177 Mass. 550.

A question is raised as to the interest to be allowed.  As the
city took and actually appropriated the gravel to its own use in
the construction of streets and sidewalks, and as its taking was
without right, there was a conversion of the gravel immediately
upon the removal of it.  The plaintiffs' right of action was com-
plete without a demand.  The plaintiffs might elect, as they
have done, to recover the value of the personal property after it
had been separated from the land, instead of seeking damages
for the trespass upon the real estate.  The damage to be recov-
ered in trover is the value of the property at the time of the
conversion, with interest from that time.  *Johnson* v. *Sumner*,
1 Met. 172, 179.  *Kellogg* v. *Tompson*, 142 Mass. 76, 77.  *Clark*
v. *Wilson*, 103 Mass. 219, 222.  The auditor has found the value
of the amounts taken in each year, and interest should be allowed
on these several amounts from the times given in the report.

*Judgment for the plaintiffs accordingly.*