# Mary Simpson, Appellant, v. City of Gibson et al., Appellees.

1. MUNICIPAL CORPORATIONS—*when liable for acts of officers.* While a municipal corporation is not liable for the wrongful acts of its officers, even when committed by an officer in the performance of his duty, this rule does not go to the extent that where the city undertakes to perform an act which it is authorized by law to do and for the performance of which it is necessary to destroy or damage property, that the city is not liable therefor.

2. MUNICIPAL CORPORATIONS—*when liable for removal of trees.* If trees are so located that the branches overhang a portion of the street and damage the street or are an inconvenience to the public in the use of the street, or if the body of the tree extend into the street so as to obstruct its use by the public, the city has the right to remove such branches of the tree as extend into the public street without any compensation to the property owner; but where it becomes necessary to remove the tree situated jointly upon property of the city and that of the property owner for the purpose of removing an obstruction to the public use of the street, the rule does not extend so far as to permit the city to do so without making just compensation to the property owner.

Tort. Appeal from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the November term, 1910. Reversed. Opinion filed October 20, 1911.

L. A. CRANSTON and FRANK LINDLEY, for appellant.

A. L. PHILLIPS, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This in an action brought by plaintiff to recover damages on account of alleged wrongful conduct of the defendants in cutting down three trees alleged in one count of the declaration to have been located upon the property of plaintiff, with branches thereon over-hang-

ing the streets of the city of Gibson; another count of the declaration charges that the trees were located upon the property line of the plaintiff and the line of the street, with branches extending over and upon a street in the city of Gibson, and that the city of Gibson ordered and directed its street superintendent, George Wood, one of the defendants herein, to remove the said trees; that in compliance with said order its street commissioner cut down, and removed said trees.

The city demurred to the declaration, the demurrer was sustained and a judgment rendered against plaintiff for costs and in bar of action.

The demurrer was sustained upon the ground that the action being in tort the city was not liable under the rule of law that a city is not liable for the wrongful acts of its officers, and there being no liability against the city, the defendant, George Wood, its street superintendent, could not be joined with it in this action.

While a municipal corporation is not liable for the wrongful acts of its officers, even when committed by an officer in the performance of his duty, we do not understand this rule to go to the extent that where the city undertakes to perform an act which it is authorized by law to do and for the performance of which it is necessary to destroy or damage property, that the city is not liable therefor. If the trees were so located that the branches which overhung a portion of the street and damaged the street or were an inconvenience to the public in the use of the street or if the body of the tree extended into the street so as to obstruct its use by the public, the city would have the right to remove such branches of the tree as extended into the public street without any compensation to the property owner; but where it becomes necessary to remove the tree situated jointly upon property of the city and that of the property owner for the purpose of remov-

ing an obstruction to the public use of the street, we do not understand the rule extends so far as to permit the city to do so without making just compensation to the property owner.

A tree located on the boundary line between the street and private property is the joint property of the city and the property owner.

Our constitution wisely provides that no property shall be taken or damaged for the public use, or for the benefit of the public, without just compensation being made therefor.

Had there been a building located upon this property in the same position that these trees were located and the city should remove the same or destroy any portion of it for the benefit of the public in the use of the streets, of the city, it could not seriously be contended that the city would not be liable for the damage occasioned thereby.

The mere fact that the trees were or might have been owned jointly by the city and the plaintiff does not authorize the city to destroy the trees to the injury or damage of the plaintiff without making due compensation therefor.

Section 2 of chapter 76, Hurd's Revised Statutes 1909, is as follows:

"If any person shall assume and exercise exclusive ownership over, or take away, destroy, lessen in value, or otherwise injure or abuse any property held in joint tenancy or tenancy in common, the party aggrieved shall have his action of trespass or trover for the injury, in the same manner as he would have if such joint tenancy or tenancy in common did not exist."

There is no argument presented why this section does not apply to a city as well as to an individual.

It has been universally held that trees growing upon a boundary line are the joint property of the adjoining owners and for their destruction an action of trespass will lie. In this state, the distinction between actions

of trespass and trespass on the case has been abolished. Where a city or municipal corporation owns property it holds it subject to the same rules and rights which govern individuals in regard to such property. City of Pekin v. MacMahon, 154 Ill. 141; Hunt v. City of Boston, 183 Mass. 303, 67 N. E. 244.

It is contended on the part of the defendant, city of Gibson, in support of the ruling of the lower court in sustaining the demurrer to the declaration that a city is not liable for any unlawful act performed by its officers. While a city can only act through its officers and where the act performed is one which the city is authorized by law to perform, and is for the benefit of the public, and in the doing of which it damages or destroys property, and which is not done in the performance of its police power, the rule that it is not liable for the act does not apply. An examination of the authorities cited by counsel for defendant in support of the judgment sustaining the demurrer, shows that they relate wholly to the acts done under the police power of the city performed in an unlawful manner by the officer attempting to perform it. The rule applicable in such cases cannot be applied to the case at bar, and the court erred in sustaining the demurrer of the city to the declaration.

The contention that the demurrer of the plaintiff to the plea of misjoinder by defendant Wood was improperly overruled cannot be sustained for the reason that Wood was an officer acting for and on behalf of the city; his act was its act; and as its servant and while acting under the direction of the city he does not become personally liable and cannot be made a joint defendant with the city in an action against it. A misjoinder may be taken advantage of by plea, and the demurrer to the plea was properly overruled.

*Reversed and remanded.*