MECHANICS SAVINGS BANK *vs.* COLLECTOR OF TAXES OF HOLYOKE & others.

SAME *vs.* SAME.

Hampden.   September 23, 1937. — February 3, 1938.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Lien*, For water rates and charges. *Municipal Corporations*, Water supply. *Mortgage*, Real estate: water lien. *Constitutional Law*, Police power, Water lien.

The lien which may be created under G. L. (Ter. Ed.) c. 40, §§ 42A–42F, as amended, upon real estate in favor of the municipality for unpaid rates and charges for water supplied to the real estate at the request

of the owner or tenant is superior to the interest created under a mortgage given before the supplying of the water or creation of the lien; and so construed the statute is constitutional, as an exercise of the police power, in its application both to such interests created before the enactment of the basic statute, St. 1923, c. 391, and to those created thereafter.

Two BILLS IN EQUITY, filed in the Superior Court. on October 15, 1935, and March 13, 1936.

From final decrees for the plaintiff entered in accordance with orders by *Whiting*, J., the defendants appealed.

*P. J. Garvey*, City Solicitor, for the defendants.

*J. M. Healy*, (*F. E. Button* with him,) for the plaintiff.

*S. S. Dennis*, by leave of court, submitted a brief as *amicus curiae*.

LUMMUS, J. St. 1923, c. 391, approved May 15, 1923, which with amendments immaterial to the present cases appears in G. L. (Ter. Ed.) as c. 40, §§ 42A–42F, created a lien upon real estate in favor of a city or town for "rates and charges" for water supplied "to any real estate at the request of the owner or tenant, including interest and costs thereon, as established by local regulations, ordinances or by-laws," if such rates and charges "are not paid within sixty days after their due date." § 42A. The lien "shall take effect upon the filing for record in the registry of deeds" of a prescribed statement of the amount of the rates and charges so remaining unpaid, and the lien "shall continue for one year from the first day of October next following." § 42B. Afterwards the "board or officer in charge of the water department shall commit the unpaid account with his warrant to the collector of taxes," who shall collect the account in the manner provided for the collection of annual taxes on real estate, including "the sale of land for the non-payment thereof." § 42C. Amendments to § 42A made by St. 1932, c. 197, § 2, and St. 1936, c. 42, § 1, provided that the "lien shall attach only for water supplied within a period of one year next prior to the filing of the statement in the registry of deeds as provided in" § 42B. Section 42B was amended by St. 1935, c. 56, and St. 1936, c. 42, § 2, by providing as to

liens attaching on or after July 1, 1935, that they "shall continue for two years from the first day of October next following" the filing of the statement. Section 42C was amended by St. 1935, c. 248, § 1, so as to require the "board or officer in charge of the water department" to "certify the unpaid account to the assessors who shall forthwith commit such account with their warrant to the collector of taxes" for collection. In other respects, so far as material to this case, the law has not been changed substantially since its original enactment in 1923.

The statutory lien for water rates and charges has no application in a city, such as Holyoke, until the statute has been accepted "by vote of its city council" and the city has filed a certificate of the acceptance in the registry of deeds. § 42A. The board of aldermen of Holyoke, which constituted the "city council" of that city (St. 1896, c. 438, § 2), accepted the statute and duly filed a certificate of acceptance in the registry of deeds. We infer from indications in the record that this was done in 1923, as the defendants assert in their brief, although the record is vague as to the dates. The plaintiff also assumes in its brief that the vital date of the lien law as applicable to the city of Holyoke is sometime in 1923, and not in any later year.

The plaintiff is a mutual savings bank which holds numerous mortgages upon real estate in Holyoke. It brings these bills in equity for the purpose of restraining the defendants, the collector of taxes and the board of water commissioners of Holyoke, from selling under the lien for water rates and charges (*Shruhan* v. *Revere*, 298 Mass. 12, 14), various parcels of real estate in Holyoke in which the plaintiff has some interest as mortgagee. There is no contention that the water was supplied too long before the filing of the statement, that the accounts were not sufficiently overdue before the statement was filed, that the levy by sale was not made or to be made during the continuance of the lien, or that there was any other formal or technical defect in the liens. In all cases the water was furnished to the owner of the equity of redemption or to a tenant of his,

and not to the plaintiff. The water in question was all furnished in or subsequent to 1933.

The various instances which raise the problems presented for our consideration may be classified as follows: (1) mortgage given and recorded prior to 1923, and never foreclosed; (2) mortgage given and recorded prior to 1923, and the real estate bought by the plaintiff on foreclosure sale after the water had been furnished; (3) mortgage given and recorded subsequent to 1923, before the water was furnished, and never foreclosed; (4) mortgage given and recorded subsequent to 1923, before the water was furnished, and the real estate bought by the plaintiff on foreclosure sale after the water had been furnished.

In all these instances the judge ruled that there was no lien superior to the title of the plaintiff under its mortgages. The judge declared that such a lien is superior to a mortgage where the mortgage was given and recorded after the water had been furnished and before the lien had expired; but no such instance was actually before the court. Decrees were entered restraining the enforcement of the lien by sale in instances falling within any of the four classes just described, except that where the plaintiff had not foreclosed its mortgage a sale was permitted subject to the mortgage. The defendants appealed.

Clearly the water lien is not a tax. The amount of it is not fixed by governmental authority. A landowner may avoid it altogether by preventing the use of water, or by causing the rates and charges to be paid promptly. The amount of the lien depends upon the voluntary act of the landowner or his tenant in consuming more or less water the account for which he suffers to remain wholly or in part unpaid. In *Loring* v. *Commissioner of Public Works*, 264 Mass. 460, 465, this court said, "A lien for water rates is neither a tax nor a special assessment for particular benefits. It is a method of securing the collection of a charge arising from the use on real estate of a public utility essential to the health and safety of the community." The creation of such a lien is an exercise of the police power.

The plaintiff contends that the lien for water rates and charges extends only to the interest or estate in the land which is possessed by the "owner." It points out that the statement of lien filed "shall contain the name of the owner of record of such real estate" (§ 42B), changed by St. 1936, c. 42, § 2, to "the name of the owner of record of such real estate on January first of the year in which the lien is filed"; that the collector is required to send notice "to the person designated in such warrant as the owner of record" and make demand "upon such person" (§ 42C; St. 1935, c. 248, § 1); that an "owner of real estate aggrieved by a charge imposed thereon" may petition for abatement (§ 42E); and that an "owner of real estate" paying charges for water furnished to a tenant may recover the amount from him (§ 42F). It urges as a conclusion from these references to the owner or the owner of record that the lien extends only to his interest. The statute says nothing about mortgagees, and the plaintiff argues that the lien extends only to the equity of redemption where a mortgage exists of record at the time the lien takes effect upon the filing for record in the registry of deeds of the required "statement." § 42B. St. 1936, c. 42, § 2.

These considerations do not seem to us decisive. The requirements that the name of the owner shall be given in the statement, and that notice and demand shall be directed to the owner, merely provide workable machinery for the administration of the statute, but show no intent to limit the lien to the interest of the owner named. It is clear that the owner of record on the preceding January first or the owner designated in the warrant may not be the owner who suffered the water to be supplied nor the owner whose property is taken away by the enforcement of the lien by sale of the land. The provision of § 42E, even if it limits the right to petition for abatement to an "owner," does not lead to the conclusion that the lien is limited to the interest of the "owner." A provision similar in effect existed until St. 1933, c. 165, with respect to the abatement of annual taxes upon real estate (G. L. [Ter. Ed.] c. 59, § 59; *Dunham* v. *Lowell*, 200 Mass. 468), and yet the lien of the tax was

superior to the interest of a mortgagee who was neither the owner nor the person assessed, and who could not apply for abatement in his own name. *Parker* v. *Baxter*, 2 Gray, 185. *Worcester* v. *Boston*, 179 Mass. 41, 48. *Hunt* v. *Boston*, 183 Mass. 303, 306. *Abbott* v. *Frost*, 185 Mass. 398. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 169. He could apply for abatement only in the name of the person assessed. *Dunham* v. *Lowell*, 200 Mass. 468. *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477, 481.

The rates and charges "for supplying water to any real estate" may become a lien "upon such real estate." § 42A. St. 1932, c. 197, § 2. St. 1936, c. 42, § 1. In terms the lien is not limited to the interest of the owner in such real estate. The practical difficulties in attempting so to limit a lien are stated in *Worcester* v. *Boston*, 179 Mass. 41, 48, 49, and *Hunt* v. *Boston*, 183 Mass. 303, 306. Moreover, G. L. (Ter. Ed.) c. 40, § 42C (St. 1935, c. 248, § 1) provides that "The collector shall have the same powers and be subject to the same duties with respect to such unpaid accounts as in the case of the annual taxes upon real estate, and the provisions of law relative to the collection of such annual taxes, the sale of land for the non-payment thereof and the redemption of land so sold shall apply to unpaid accounts charged upon real estate under" §§ 42A–42F. We think that the statute by implication creates a lien for water rates that is superior to an existing mortgage upon the real estate.

So construed, the statute is not in conflict with either the State or the Federal Constitution in its application to a mortgage taken before the lien took effect but after the enactment of the water lien statute in 1923. Such a mortgage was taken in view of and subject to the water lien statute. The mortgagee is deprived of no priority that he ever had, for inferiority to a possible water lien was inherent in his position from the beginning. *Provident Institution for Savings* v. *Mayor & Aldermen of Jersey City*, 113 U. S. 506.

Neither, in our opinion, is the statute in conflict with either the State or the Federal Constitution in its applica-

tion to a mortgage taken before the enactment of the water lien statute in 1923. It is true that the statute purports to subordinate the property interest of the holder of an existing mortgage to a lien subsequently arising. But that is not conclusive of the invalidity of the statute. The interest of the mortgagee is entitled to no greater protection than that of the owner against whom the statute was held constitutional in *Loring* v. *Commissioner of Public Works*, 264 Mass. 460, 464, 465. See also *Rockford Savings & Loan Association* v. *Rockford*, 352 Ill. 348, 354, and cases cited; *Brush* v. *Commissioner of Internal Revenue*, 300 U. S. 352. As an incident to a system of providing an indispensable supply of water in crowded centers of population, the creation of an underlying lien for water rates is a valid exercise of the police power. The consent of the mortgagee is not required, for all private property is held subject to the lawful exercise of the police power, which commonly involves some limitation or impairment of individual property interests. *Commonwealth* v. *Alger*, 7 Cush. 53, 84 *et seq.* *Loring* v. *Commissioner of Public Works*, 264 Mass. 460, 466, 467. *Miller* v. *Schoene*, 276 U. S. 272, 279, 280. "When the subject lies within the police power of the State, debatable questions as to reasonableness are not for the courts but for the legislature, which is entitled to form its own judgment, and its action within its range of discretion cannot be set aside because compliance is burdensome." *Sproles* v. *Binford*, 286 U. S. 374, 388, 389. *Howes Brothers Co.* v. *Unemployment Compensation Commission*, 296 Mass. 275, 283–284.

The water lien statute is not an extreme instance of the exercise of the police power. Property interests are not really harmed. On the contrary, the system of which the lien is an incident saves property from the disuse and desolation that under modern urban conditions must be the lot of a building without a dependable supply of water. Even in the absence of statute, the interest of a mortgagee has sometimes been held subject to an after acquired claim for saving the property from destruction, waste or loss, although no actual consent of the mortgagee to accept a

subordinate position is shown. *Hammond* v. *Danielson*, 126 Mass. 294, 296. *Turner* v. *State Wharf & Storage Co.* 263 Mass. 92, 97. *Texas Bank & Trust Co. of Beaumont* v. *Smith*, 108 Texas, 265, 272. For the power to displace a mortgage in favor of an assessment for a special benefit, see *State* v. *Kansas City*, 134 Kans. 157, 78 Am. L. R. 507, and note.

In each case the entry will be

*Decree reversed.*
*Bill dismissed with costs.*