No. 356732                 Municipal                 Suffolk, ss.

VENUS SHOE CORP.
                          (Wasserman & Wasserman, L. M. Salter)
v. STERLING MOTOR LINE, INC.
                          (M. Frank Bodner and Archie E. Bodner)

From the Municipal Court of Boston—Riley, J.

Argued April 28, 1941—Opinion Filed November 17, 1941

GILLEN, J. (Putnam, C.J., & Tomasello, J.)—This is an action of contract or tort in which the plaintiff seeks to recover from the defendant damages for the conversion by the defendant of 739 pairs of women's shoes. There was evidence that the defendant operated an express company and on or about March 14, 1932, received from the plaintiff 21 cartons of shoes containing 739 pairs for delivery to the Leader Shoe Company at Rochester, N. H. The Leader Shoe Company refused to accept the shoes and the defendant thereupon attempted to redeliver them to the plaintiff, who also refused to accept them. The defendant thereafter took the cartons of shoes to its warehouse in Haverhill and put them in storage. The shoes were kept by the defendant up until September 13, 1933, when it sold them at public auction and the express charges plus expenses and additional disbursements consumed the entire amount re-

ceived, so that the defendant turned over none of the proceeds of the sale to the plaintiff.

The defendant in answers to plaintiff's interrogatories which the plaintiff introduced in evidence admitted that the plaintiff was the original owner of the shoes and there was no evidence to contradict this fact.

A party putting in answers to interrogatories made by the opposing party is bound by the answers if there is no evidence to contradict them. *Gordon v. Bedard,* 265 Mass. 408.

In the instant case the trial judge was bound to find as a fact that the plaintiff was the original owner of the shoes as this was admitted by the defendant in the answers to interrogatories and was the only evidence in the case on the question of original ownership of the shoes.

As the trial judge ruled that the defendant did not enforce its lien for transportation and storage charges in accordance with G. L. (Ter. Ed.) c. 135, s. 6, his finding of fact, viz.: "that the plaintiff has not sustained its burden of proving that the consignor, the consignee or this plaintiff ever made a proper demand which the defendant refused" was beside the point.

No demand was necessary here as the defendant exercised a dominion over property of plaintiff that was not warranted. *Hunt v. Boston,* 183 Mass. 303; Bowers on Conversion, s. 326.

The order is: New trial granted.