FRAMINGHAM HOMES, INC. *vs.* RICHARD H. DIETZ.

Middlesex.   October 9, 1942. — December 1, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Landlord and Tenant,* Water rates. *Contract,* What constitutes, Implied. *Evidence,* Judicial notice. *Municipal Corporations,* Water supply. *Water.*

This court took judicial notice of the Framingham water supply act, St. 1906, c. 526.

In the absence of evidence that a town had accepted the provisions of §§ 42A and 42F of G. L. (Ter. Ed.) c. 40, they were not considered by this court in an action by a landlord for reimbursement by a tenant for water charges paid by the landlord to the town.

An agreement by a tenant at will with his landlord to pay the charges for municipal water used by the tenant on the premises was not shown by the mere fact that he made no reply when the landlord sent him water bills which the landlord had received from the municipality and had paid.

In the absence of any contractual or statutory obligation, a tenant at will is under no duty to pay the charges for municipal water used by him on the premises, and the landlord cannot recover the amount of the charges from him after having been compelled to pay them to the municipality.

CONTRACT for the amount of the charges for water supplied by the town of Framingham to the defendant and used by him on premises hired from the plaintiff. Writ in the First District Court of Southern Middlesex dated April 12, 1941.

The action was heard by *Luby*, J., who refused the following requests for rulings by the plaintiff: "1. The evidence justifies a finding of fact that the plaintiff and de-

fendant agreed that defendant would pay all water charges for water used and consumed by the defendant while the defendant was a tenant of the plaintiff. · 2. A local custom or usage which may exist concerning the rights and duties of the landlord and tenant of a tenancy at will cannot change or alter or vary the rights and duties as established by law and the law relative to a tenancy at will is the same throughout the Commonwealth." "7. In the absence of any agreement between the landlord and the tenant of a tenancy at will relative to the payment of water rates or charges for water used by the tenant on the premises, the tenant is under a legal duty to pay such water charges, and upon the tenant's failure to perform such duty and upon the landlord's payment of such charges to prevent the imposition of a lien on the premises, the landlord may recover from such tenant the amount of the water charges so paid."

The judge found for the defendant. His report to the Appellate Division for the Northern District contained the following: "No evidence of any kind or nature was introduced relative to any custom and usage in Framingham, Massachusetts, or anywhere else, relative to payment or to nonpayment of water bills by landlord or tenant, with or without a special or a general agreement other than that which the court knows of its own knowledge. . . . Upon all the evidence in this case I find as a fact that the defendant made no promises or agreement of any kind, either to the plaintiff or its agents or servants, to pay for the water used on the premises. . . . I further find as a fact that in the absence of a special agreement to pay water bills, the custom and usage in Framingham, Massachusetts, that being the location of tenement rented by defendant from the plaintiff, is that the supplying of water for domestic use is incidental to the contract of hiring and that the cost thereof is paid by the landlord and not the tenant."

The Appellate Division ordered the report dismissed, and the plaintiff appealed.

*L. Whittemore*, for the plaintiff.

*C. A. Sheridan*, for the defendant.

LUMMUS, J.   In this case the briefs refer us to G. L. (Ter. Ed.) c. 40, §§ 42A and 42F, which make charges for water supplied at the request "of the owner or tenant" a lien on the real estate, and give to "an owner of real estate who, in order to prevent the imposition of a lien thereon or to discharge the same, has paid charges for water furnished to a tenant or other person who was bound to pay the same," a right to recover over from the tenant.   See *Mechanics Savings Bank* v. *Collector of Taxes of Holyoke*, 299 Mass. 404.   But these statutes cannot be considered, for they apply only in municipalities which accept them, and there is nothing to show that Framingham, where the land in this case was situated, ever accepted them.   *Handyside* v. *Powers*, 145 Mass. 123, 128.   The plaintiff's brief refers us also to the Framingham water supply act, St. 1906, c. 526, which contains the following section: "Section 5. The owner of any tenement, building or other property, the occupants of which use water supplied under the provisions of this act, shall be liable for the payment of such water, and in case of non-payment by him, the sums due therefor may be collected in an action of contract brought in the name of the town of Framingham."   This, we think, was substantially an act of incorporation, of which we take judicial notice.   G. L. (Ter. Ed.) c. 233, § 74.   *American Steel & Wire Co.* v. *Bearse*, 194 Mass. 596, 600, 601.   *Brodsky* v. *Fine*, 263 Mass. 51, 54.   *Bleck* v. *East Boston Co.* 302 Mass. 127, 128.

The defendant in this case hired a tenement as a tenant at will from the plaintiff to live in with his family.   The plaintiff paid to the town of Framingham charges for water used by the defendant, and brings this action of contract to recover the amount.   The plaintiff sent the water bills, received from the town, to the defendant, who made no reply.   There was no evidence of any custom in the town or elsewhere as to whether the landlord or the tenant should pay water bills.   There was no agreement between the parties as to paying water bills.   The judge found for the defendant, and reported the case to the Appellate Division.

The defendant was under no obligation to reply when

sent the water bills, and his failure to do so did not show an agreement on his part to pay them, under the doctrine of *Milliken* v. *Warwick,* 306 Mass. 192, 197, and cases there cited. No contractual or statutory duty on the part of the defendant to pay for water as between the parties is shown. The three requests relied on by the plaintiff were rightly refused.

*Order of Appellate Division dismissing report affirmed.*