CITY OF WORCESTER *vs.* SALO HOFFMAN & others.

Worcester.    March 7, 1963. — April 1, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Lien,* For water rates and charges. *Real Property,* Water rates and charges. *Municipal Corporations,* Waterworks. *Taxation,* Real estate tax: taking. *Statute,* Acceptance. *Evidence,* Judicial notice.

Judicial notice is not taken of the acceptance of a statute by a municipality.   [649]

The provision of G. L. c. 60, § 54, that an instrument of taking of land recorded in the registry of deeds within sixty days of the date of the taking "shall be prima facie evidence of all facts essential to the validity of the title so taken," relates only to the facts having to do with the specific property taken, and the seasonable recording of an instrument of taking of land for nonpayment of water rates and charges did not constitute evidence that the municipality had accepted c. 40, § 42A, et seq., and had filed a certificate of such acceptance in the proper registry of deeds.   [649–650]

In the absence of evidence that a municipality had accepted G. L. c. 40, § 42A, et seq., and had filed a certificate of such acceptance in the proper registry of deeds, purported liens of the municipality on real estate for nonpayment of water rates and charges were a nullity.   [649, 650]

PETITION filed in the Land Court on May 19, 1958.

The case was heard by *McPartlin,* J.

*James E. Coppola* for the petitioner.

*Lawrence A. Sullivan (Henry P. Monaghan* with him) for the respondents.

WILKINS, C.J.   The city appeals from a decision of the Land Court dismissing its petition brought pursuant to G. L. c. 60, § 65, as amended, to foreclose all rights of redemption in a certain parcel of land in Worcester.   The land had been taken by the city by an instrument dated August 12, 1955, and recorded October 6, 1955, "for unpaid 1954 taxes," which in fact were a lien for unpaid rates for water supplied to Wire Corporation, subsequently adjudicated a bankrupt.   The respondents are the three members

of a partnership, who purchased the real estate under an order in the bankruptcy proceedings, and their wives.

A water lien is not a tax. *Mechanics Sav. Bank* v. *Collector of Taxes of Holyoke,* 299 Mass. 404, 407. But a charge upon which a water lien is based may be committed to the tax collector as part of "the tax on the property" by G. L. c. 40, § 42C (as amended through St. 1954, c. 487, § 2).

In the case at bar there were two liens recorded in the registry of deeds. The first was on April 23, 1954, for water supplied between June 24, 1952, and November 28, 1952. It was recorded to comply with G. L. c. 40, § 42B (as amended through St. 1947, c. 132).[1] This lien "was added to the 1954 tax account." G. L. c. 40, § 42D (as amended through St. 1941, c. 380, § 4). See now G. L. c. 40, § 42C, as amended. The second lien, recorded on September 2, 1954, was for water supplied between November 28, 1952, and November, 1953. We infer that this also was added to the tax account.

The statutory provisions for the creation of liens for water rates effective during 1954 were to be found in G. L. c. 40, § 42A (as amended through St. 1941, c. 380, § 1).[2] This read in part: "If the rates and charges due to a city . . . which accepts this section and sections forty-two B to forty-two F, inclusive, by vote of its city council . . . and, by its clerk, files a certificate of such acceptance in the proper registry of deeds, for supplying or providing for water . . . to or for any real estate at the request of the owner or tenant are not paid within sixty days after their due date . . . such rates and charges . . . shall be a lien upon such real estate . . . . The register of deeds shall

---

[1] The material portion is to be found in that part of St. 1941, c. 380, § 2, which read, "Such lien shall take effect upon the filing for record in the registry of deeds for the county or district where the real estate lies of a statement by the board or officer in charge of the water department that the rates and charges for the supplying of or providing for water . . . for the real estate therein described, to an amount therein specified, have remained unpaid for sixty days after their due date . . . ."

See now St. 1954, c. 487, § 2: "Such lien shall take effect by operation of law on the day immediately following the due date of such rate or charge . . . ." This took effect January 1, 1955. See § 3.

[2] The amendment by St. 1954, c. 487, § 1, did not take effect until January 1, 1955. See § 3.

record such certificate of acceptance in a book to be kept for the purpose, which shall be kept in an accessible location in the registry.''

The judge found, ''No evidence was submitted to show that the petitioner has accepted the provisions of the statute or that the required certificate was filed in the registry of deeds.'' He ruled that the water charges would not be a lien before any certificate was filed, and that the charges would not be encumbrances until a lien was created. See *Framingham Homes, Inc.* v. *Dietz,* 312 Mass. 471, 473. See also *Handyside* v. *Powers,* 145 Mass. 123, 128.

The petitioner seeks to avoid the effect of its failure to accept[1] and to record a certificate of acceptance. It does so by relying upon that part of G. L. c. 60, § 54 (as amended through St. 1938, c. 339, § 2), which reads: ''The instrument of taking shall be under the hand and seal of the collector and shall contain a statement of the cause of taking, a substantially accurate description of each parcel taken, the name of the person to whom the same was assessed, the amount of the tax thereon, and the incidental expenses and costs to the date of taking. Such an instrument of taking shall not be valid unless recorded within sixty days of the date of taking. If so recorded it shall be prima facie evidence of all facts essential to the validity of the title so taken . . . .''

The petitioner argues that the filing of the instrument of taking within sixty days after August 12, 1955, is prima facie evidence of the acceptance of the statute as to water liens and of the recording of the certificate of acceptance. We cannot agree. Section 54 is expressly aimed at the individual instrument of taking. The ''facts essential to the validity of the title'' are those having to do with the specific property taken, such as the amount of the charges, nonpayment, and the procedural details of the individual taking. It was not intended to dispense with the requirement of acceptance by the city council and the extremely

---

[1] Judicial notice is not taken of the acceptance of a statute. *Howes* v. *Essex,* 329 Mass. 381, 382. *Meadows* v. *Town Clerk of Saugus,* 333 Mass. 760, 764–765. *Nayor* v. *Rent Bd. of Brookline,* 334 Mass. 132, 135. *Bouchard* v. *Haverhill,* 342 Mass. 1, 4.

important mandate of filing a certificate of acceptance, which was to be recorded in a book to be kept in an accessible location in the registry of deeds. These fundamental jurisdictional acts of general application must be performed as stipulated. Any other ruling could raise havoc with title examination.

In upholding the correctness of the decision of the judge of the Land Court upon the ground given by him, we are not called upon to consider another, and apparently fatal, obstacle to the maintenance of the petition. We refer to the order of the United States District Court in the bankruptcy proceedings of Wire Corporation ordering the sale of the real estate ''free and clear of all encumbrances'' to the three male respondents.

*Decision affirmed with costs of appeal.*