BELAIR CONSTRUCTION COMPANY, INC. *vs.* BOARD OF ASSESSORS OF QUINCY. January 21, 1985. *Taxation,* Real estate tax: abatement. *Appellate Tax Board,* Jurisdiction.

This is an appeal from a decision of the Appellate Tax Board (board) granting an abatement of the real estate taxes assessed on the taxpayer's property in Quincy. The sole issue on appeal is whether the board lacked jurisdiction to hear the appeal because the taxpayer had not paid the correct amount of real estate taxes. See G. L. c. 59, § 64.

The aggregate real estate tax for 1980 on the taxpayer's property was $62,496.00. The real estate tax bill also indicated a water lien in the amount of $1,059.96. On January 28, 1980, within thirty days of the sending of the tax bill for the fiscal year 1980, the taxpayer paid an amount of $32,307.96, and on April 30, 1980, paid an additional $11,755.52.

The board, pursuant to G. L. c. 59, § 64, found that, based on the three-year average of real estate taxes assessed, a tax of $43,004.27 was due. At the close of the board's hearing, the assessors moved to dismiss the taxpayer's petition for lack of jurisdiction. The assessors asserted that, of the total tax paid ($44,063.52), $1,059.96 was for payment of the water lien, and thus the taxpayer was short of the three-year average by seventy-five cents.

The board granted the assessors' motion to dismiss for lack of jurisdiction. The taxpayer filed a motion asking the board to reconsider its ruling. The board allowed the taxpayer's motion and ruled that the taxpayer had made timely

payment of the real estate taxes, and hence the board had jurisdiction to hear this matter.

The findings by the board clearly are supported by the evidence. See *Boston Edison Co.* v. *Assessors of Watertown, ante* 511 (1984). The taxpayer introduced ample evidence that the total amount paid to the assessors was applied to real estate taxes owed, and none to the $1,059.96 owed on the water lien. At the original hearing, the taxpayer introduced in evidence receipts for both portions of the tax payment demonstrating that the amount was credited to real estate taxes and not to the water lien. After the taxpayer filed the motion to reconsider, its controller filed an affidavit stating that he personally went to the assessors' office to pay the taxes, instructed them to apply the payment solely to the real estate taxes, and was issued a receipt accordingly. The assessors did not produce any evidence to the contrary.

The assessors instead argue that because the taxpayer stated in its complaint that the payment of the 1980 taxes included payment of the water lien, and that because the assessors filed no answer, pursuant to G. L. c. 58A, § 7, all of the material allegations in the petition for tax abatement are deemed admitted. But the water lien is not a tax, *Worcester* v. *Hoffman,* 345 Mass. 647, 648 (1963); *Mechanics Sav. Bank* v. *Collector of Taxes of Holyoke,* 299 Mass. 404, 407 (1938), and therefore the fact that the taxpayer stated in its complaint that payment included the water lien is not a "material allegation." Alternatively, it was also within the board's discretion to resolve the conflict between two allegations which could be found to be admitted: (1) the taxpayer paid the requisite amount of real estate tax due and (2) the payment included the water lien charge.

We find no error in the board's conclusion that the tax bill did not include the water lien. Because the total taxes were paid, the board had jurisdiction.

*Decision of the Appellate Tax Board*
*affirmed.*

The case was submitted on briefs.

*Joseph A. MacRitchie,* Assistant City Solicitor, for the Board of Assessors of Quincy.

*Nathan T. Wolk* for the taxpayer.