INHABITANTS OF WESTHAMPTON *vs.* STEPHEN E. SEARLE.

Hampshire.    Sept. 18, 1878. — Oct. 27, 1879.   ENDICOTT & SOULE, JJ.,
                                 absent.

By the St. of 1871, *c.* 298, all highway taxes are abolished, and the assessors of a
    town are not obliged to levy a separate highway tax; and if they assess upon
    the polls a sum less than one sixth of the whole tax levied, it is not an illegality
    which will avoid a sale of land for non-payment of taxes.
An article in a warrant for a town meeting, "to raise such sums of money as may
    be necessary to defray town charges for the ensuing year," is sufficient to au-
    thorize a vote to raise money for specified town purposes.
A tax on land was assessed to "J. S. & Son."   J. S. alone was in possession of the
    land as mortgagor, and his son had no interest in it.   *Held*, that, under the Gen.
    Sts. *c.* 12, § 6, the tax could be collected of J. S. if he was the person intended
    to be taxed, and that parol evidence was admissible to prove this fact.
It is a sufficient compliance with the requirements of the Gen. Sts. *c.* 11, § 33, that
    the list of the valuation and the assessment, before the taxes were committed
    for collection, was left with the chairman of the assessors, in the absence of
    evidence that the assessors had any office appropriated to their own use.
It is not necessary that the warrant committed to a collector of taxes should, in
    terms, specifically direct the sale of real estate.
An assessors' valuation list, under the head of "Buildings of all kinds described
    by naming their use," gave merely "2 houses, 1 barn," and under the head of
    "Description by name or otherwise of each and every lot of land owned by each
    person," gave the number of acres of mowing, tillage, pasture, wood and unim-
    proved lots.   *Held*, that a more specific compliance with the St. of 1861, *c.* 167,
    was unnecessary to render the tax valid.

WRIT OF ENTRY to recover a parcel of land in Westhampton.
Plea, *nul disseisin*.    Trial in the Superior Court, without a jury,
before *Aldrich*, J., who ordered judgment for the demandant;
and the tenant alleged exceptions.    The facts appear in the
opinion.

*W. G. Bassett*, for the tenant.

*D. W. Bond*, for the demandant.

COLT, J.    The demandant claims title under a tax collector's
deed, the land being sold for the non-payment of a tax, appear-
ing on the tax list to be assessed, for the year 1875, to James M.
Chapman & Son.    The various objections made by the tenant
to the validity of the sale, and to the demandant's claim of title
under it, will be treated in their order.

1. The St. of 1862, *c.* 158, requires that the poll tax assessed
for town, county and state purposes, except highway taxes, sep-
arately assessed, shall not exceed two dollars.    See also St. 1876,

c. 88. When the first-named statute was passed, towns had the power to raise money for the repair of highways, to be paid in labor and materials, and to be collected by the highway surveyor. Gen. Sts. *c.* 44, § 3. But recently, by the St. of 1871, *c.* 298, all highway taxes are abolished, and all sums needed for repairs are required to be assessed upon polls and estates, like other town charges. The town assessors, after this statute, were certainly not obliged to make a separate highway tax. When this tax was assessed, the Gen. Sts. *c.* 11, § 31, required that, as nearly as may be, one sixth of the whole sum to be raised should be assessed upon the polls, not exceeding the limit above named. The amount actually assessed in this case was two dollars on each poll, being less than one sixth of the whole tax; and there is nothing in the case to show in this respect any illegality. Besides, for a mere error or irregularity in the apportionment, by which a party is assessed more or less than his due proportion, it is provided by statute that no sale, contract or levy shall be avoided, and the party injured is left to his action against the town to recover back the excess. Gen. Sts. *c.* 11, §§ 53, 54; *c.* 12, § 56. *Cone* v. *Forest*, 126 Mass. 97.

2. The article in the warrant for the town meeting, under which this money was raised and appropriated, was sufficient. It gave notice that the town would be called on " to raise such sums of money as may be necessary to defray town charges for the ensuing year." This includes money raised for interest, and such part of the town debt as was or might become due during the year. It is not necessary that each specific item of town charges shall be named in the warrant. *Sherman* v. *Torrey*, 99 Mass. 472.

3. The tax was assessed to James M. Chapman & Son, and was so entered on the tax list which accompanied the assessors' warrant to the collector. The valuation list is in the usual form, with spaces left against the name of the person taxed, in which are stated the polls, personal property, buildings and land for which the assessment is made. In the collector's deed to the town, it is recited that the tax was assessed in the tax list to James M. Chapman, and that payment was demanded of him. It appeared at the trial that Chapman was in possession of the premises as mortgagor when the tax was assessed, but that the

tenant in this action was mortgagee in possession for foreclosure at the time of the commencement of this action. By the Gen. Sts. c. 11, § 8, taxes on real estate must be assessed to the owner or to the person in possession of the land. But by the Gen. Sts. c. 12, § 6, if in the assessors' list, or in the warrant and list committed to the collector, there is an error in the name of a person taxed, the tax assessed to him may be collected of the person intended to be taxed, if he is taxable, and can be identified by the assessors.

In *Tyler* v. *Hardwick*, 6 Met. 470, which was an action to recover back a tax paid by compulsion, and where the error consisted in the insertion of the surname only of the tax-payer in the valuation list and in the tax list committed to the collector, Shaw, C. J., expressly recognizing the importance of requiring that all should pay their just proportion of the public charges, and not escape by slight mistakes and frivolous objections, declared that the statute was intended to apply to a case where the error in the name exists as well in the valuation as in the assessors' warrant to the collector. " The statute," he said, " is plain and explicit, and covers all cases of error in the name, and was intended, we think, to apply to a case where the name is mistaken by omitting, as well as by adding or by misnaming. The only things required are, that the person shall be liable to taxation, and be in fact the person intended to be taxed under such designation. These facts must of necessity be proved by evidence *aliunde*. The fact of the identity of the party, and the intention of the assessors, must in general be proved by them." " It is not to be overlooked, that such errors will, in most cases, arise from the default of the tax-paying inhabitant himself, who fails to perform the duty, required by law, of giving in his name and list to the assessors." See also *Trustees of Greene Foundation* v. *Boston*, 12 Cush. 54; *Sargent* v. *Bean*, 7 Gray, 125; Commissioners' note to the Rev. Sts. c. 8, § 5.

It is further evidence of the intention of the Legislature in this respect that by the Gen. Sts. c. 12, § 36, it is provided that the owner shall have a right to redeem land sold for payment of taxes at any time after actual notice of the sale, when there is any error in the name of the person intended to be taxed. *Faxon* v. *Wallace*, 98 Mass. 44.

The demandant at the trial called us a witness one of the assessors, who stated that there was no such partnership as James M. Chapman & Son, but that one of the sons was living at home at the time of the assessment, and the assessors adopted a custom of the town, in assessing the property in such cases to the father, adding the words "and son" only to indicate that the son was charged a poll tax. Evidence of this description was held admissible in *Tyler* v. *Hardwick*, and justified the judge, who tried this case without a jury, in finding that there was an error in the name of the person taxed, and that James M. Chapman, who was taxable for this property, was identified by the assessors as the person intended to be taxed. The case is clearly brought within the remedial provisions of the statute relied on.

4. The assessors are required, before the taxes are committed for collection, to make a list of the valuation and assessment, and deposit the same or a copy thereof in their office, or, if there is no office, with their chairman, for public inspection. Gen. Sts. *c.* 11, § 33. To the objection that this was not done, the answer is, that if the requirement is regarded as anything more than directory, there was evidence that the list was left with the chairman according to law, where it was proper to leave it, in the absence of any evidence that the assessors had an office specially appropriated to their own use in the town hall, or elsewhere. *Sandwich* v. *Fish*, 2 Gray, 298, 301. *Reed* v. *Acton*, 120 Mass. 130.

5. It is not necessary that the warrant should, in terms, specifically direct the sale of real estate. The statute provides that the warrant shall specify the duties of the collector as prescribed by law in the collection of taxes, and shall be substantially in the form heretofore used; Gen. Sts. *c.* 11, § 39; and, by the Gen. Sts. *c.* 12, § 1, the collector is required to proceed to collect the taxes according to the warrant. The form of the warrant as originally prescribed in the St. of 1785, *c.* 50, § 6, has continued till now substantially the same. Thomas, Town Officer, 68. It does not contain any order for a levy upon and sale of real estate; and the obvious reason is that the land is sold, not by virtue of a precept in the warrant, but in the execution of a statute power, and in accordance with statute provisions, for the purpose of enforcing a lien created by the statute specifically

upon the land sold. It differs wholly from the levy of an exe-cution on real estate. It is sufficient if the proceedings for enforcing the lien are conducted according to the statute require-ments. *King* v. *Whitcomb*, 1 Met. 328, 331. *Barnard* v. *Graves*, 13 Met. 85.

6. The tenant's last objection is perhaps not sufficiently spe-cific, because it does not appear from it whether the want of a sufficient designation and description of the several pieces of real estate, on which he relies, is in the assessors' list, the tax list accompanying the warrant, the notice of sale, or the col-lector's deed. But however this may be, we see no part of the proceedings which is deficient in this respect. The assessors, by the St. of 1861, *c.* 167, are required to describe in the valuation, by name or otherwise, each and every lot of land owned by each person, with the number of acres and the value of the same. This provision is complied with in this case by giving the num-ber of acres and value of each of the mowing, tillage, pasture, wood and unimproved lots. It is evident that these several lots are the divisions of one farm, and that the tax is assessed against it as one estate in the occupation of Chapman. The buildings, for all that appears, were buildings belonging to the farm. The fact that the collector's deed describes three lots of land does not prove that there were three distinct lots of land requiring distinct taxes to be assessed on each; on the contrary, the three descriptions in the deed seem to be, or at least may be, descrip-tions of parts of one farm, which is situated on both sides of the road running through it. It is to be considered, in disposing of this objection, that no injury is suggested as having arisen to the tax-payer from the alleged failure in description; and that the difficulty, if any, would not probably have occurred, if the tax-payer had seasonably sent in his list, as required by law. In the absence of such list, we think the description of the land here given is sufficient. *Tobey* v. *Wareham*, 2 Allen, 594. *Lin coln* v. *Worcester*, 8 Cush. 55, 63.

The assessors are required, in the books used for the assess-ment of taxes in the form required by the St. of 1861, *c.* 167, to fill up the columns there indicated, with the numerous items specified. Among other things, buildings are to be described by naming their uses, and are to be valued exclusive of the land.

In this case two houses are enumerated and one barn, the houses being valued together and the barn by itself, without further description. But this imperfection in the valuation list cannot be held sufficient to invalidate the tax. Many of the requirements of the statute are designed for the information of the assessors, and are intended to promote uniformity in the mode of proceeding, a non-compliance with which does not affect the rights of the tax-payer. The statute is entitled " An act to secure a uniform description and appraisal of estates in the Commonwealth for the purposes of taxation." It is manifest that many of its provisions are intended to furnish the information required for the more perfect equalization of taxation among the cities and towns of the state. And we are of opinion that, as to the description of buildings, the requirements of the statute beyond what was here complied with are only directory, and the disregard of them is not to be considered fatal to the validity of the subsequent proceedings. *Torrey* v. *Millbury*, 21 Pick. 64, 67. *French* v. *Edwards*, 13 Wall. 506. *Bellows Falls Canal Co.* v. *Rockingham*, 37 Vt. 622. *Exceptions overruled.*