CHARLES W. BEMIS & another *vs.* HENRY W. CALDWELL & others.

Middlesex. Nov. 22, 1886. — Jan. 7, 1887. HOLMES & GARDNER, JJ., absent.

A parcel of land in a city was bounded in part on W. Street and in part on M. Street. There were on the land a mansion-house, with a stable and greenhouse attached, fronting on W. Street, and a smaller house fronting on M. Street. The assessors of the city taxed this estate to the owner, and, in the valuation list, entered the estate as follows : " House, W. St. $3200. House, M. St. $1600. Stable, $400. Greenhouse, $200. Land, 6 acres, $1800. Aggregate value of real estate, $7200." *Held,* that, under the Pub. Sts. *c.* 11, § 53, the assessment of the tax was valid.

CONTRACT for a breach of a covenant against incumbrances in a deed of land from the defendants to the plaintiffs. The case was submitted to the Superior Court, and, after judgment

for the plaintiffs, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*H. J. Boardman & S. H. Tyng*, for the defendants.

*H. N. Allin & W. Howland*, for the plaintiffs.

MORTON, C. J.  It appears that, on May 1, 1883, the heirs of C. H. B. Caldwell were the owners of a tract of land in Waltham, bounded in part on Weston Street and in part on Main Street.  On the tract were a mansion-house, with a stable and greenhouse attached, fronting on Weston Street, and a smaller house fronting on Main Street.  The assessors of Waltham taxed this estate for the year 1883 to the said heirs.  In the valuation list they entered the estate as follows: "House, Weston St. $3200.  House, Main St. $1600.  Stable, $400.  Greenhouse, $200.  Land, 6 acres, $1800.  Aggregate value of real estate, $7200."  The defendants refused to pay the amount of this tax, and it was paid by the plaintiffs, to whom the land in question had been conveyed by the defendants, by a deed dated June 19, 1883.  The defendants contend that this assessment was invalid, because the valuation list does not contain "a description by name or otherwise of each and every lot of land assessed," as required by the Pub. Sts. *c.* 11, § 53.

We are of opinion that this claim cannot be maintained.  Although the owners had divided the tract of land into two house lots, yet, as they were contiguous, this did not require the assessors to make a separate valuation of each lot, but they might value the whole tract as one lot.  *Jennings* v. *Collins*, 99 Mass. 29.

The statutes regulating the assessment of taxes contain numerous provisions as to the powers and duties of assessors.  Some of them are conditions precedent to the validity of the tax, being intended to secure an equality of taxation, and to enable the citizen to ascertain with reasonable certainty for what estate he is taxed.  If this purpose is defeated by reason of a failure to comply substantially with the requirements of the statutes, the tax is invalid.  But most of them are intended as directions to the assessors, designed to secure regularity and uniformity in the proceedings of the numerous boards of assessors throughout the State.  It has always been held that a non-compliance by the assessors with the strict requirements of the statutes, if it does not affect

the rights of the tax-paying citizen, does not render the tax invalid. *Sprague* v. *Bailey*, 19 Pick. 436. *Torrey* v. *Millbury*, 21 Pick. 64. *Tobey* v. *Wareham*, 2 Allen, 594. *Westhampton* v. *Searle*, 127 Mass. 502. *Noyes* v. *Hale*, 137 Mass. 266.

In the case before us, the valuation list sufficiently describes the house on Weston Street, the house on Main Street, the stable, and the greenhouse; to this description is added, "Land, 6 acres." Taking the whole description, it would naturally be understood as intended to describe the tract of land upon which the buildings named stood. The owners would not be misled by it. The failure to give a more particular description of the land could not injuriously affect their rights, and we are of opinion that such failure does not invalidate the assessment.

It follows that, at the time of the sale to the plaintiffs, there was an incumbrance upon the premises; and that the plaintiffs are entitled to recover for a breach of the covenant against incumbrances in the deed to them.                *Judgment affirmed.*