WILLIAM ROBERTS vs. WILLARD WELSH.

SAME vs. SAME.

HARRY B. YOUNG vs. WILLIAM A. PARKER.

Middlesex.    April 2, 1906. — June 19, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Tax*, Assessment, Valuation list, Collector's deed.    *Deed*.    *Words*, "About."

Under St. 1889, c. 84, (R. L. c. 12, § 15, St. 1902, c. 113,) an assessment of a tax on real estate to one holding under a tax deed which is regular on its face and is duly recorded is made to the right person, whether his title is valid or not.

The description of real estate in the valuation list kept by the assessors under the statutes now contained in R. L. c. 12, §§ 56–66, need not have the accuracy required for a conveyance. It is sufficient if it fairly designates the property for the information of those interested.

A description of real estate in the valuation list kept by the assessors of a city under the requirements of the statutes is sufficient if it gives the number of the house, the designation of the lot on which it stands and the number of square feet in the lot.

A description of real estate in a tax deed which is correct except in the use of the word "about" before two of the measurements which are in fact exact is not rendered uncertain or incorrect by the use of this word.

Where the word "about" is used in a deed in connection with a correct statement of distance it is treated as having no effect.

A description of real estate in a tax deed giving the front line of a lot on a city street as "about sixty-three feet" and giving the point of beginning as "about one hundred and twelve feet" from another street, whereas the lot taxed and intended to be sold was sixty-five feet wide on the street and the point of beginning was one hundred and ten feet from the other street, makes the sale invalid and the deed void, the collector having no authority to sell less than the whole of the lot.

THREE BILLS IN EQUITY, filed in the Superior Court on May 31, 1904, June 9, 1904, and January 23, 1905, each to remove an alleged cloud from the plaintiff's title to certain real estate on Jerome Street in that part of Medford called West Medford, as set forth in the first paragraph of the opinion.

In the Superior Court the cases were heard by *Sherman, J.*, who reported each of them for determination by this court, such decree to be entered in each case as law and justice might require.

*N. D. A. Clarke*, for the plaintiffs.

*J. Bennett & W. A. Parker*, for the defendants.

KNOWLTON, C. J.    These are three bills in equity, each brought to remove a cloud from the plaintiff's title to certain real estate, caused by a deed from the collector of taxes, held by the defendant.    In each case the title of the plaintiff is admitted, except so far as it is affected by the sale for non-payment of taxes under which the defendant claims.    There were three separate sales, for the taxes of three different years, namely, 1900, 1901 and 1902.    In the first suit the defendant claims under the sale for the non-payment of the taxes of 1900, in the second under the sale to collect the tax of 1901, and in the third under the sale to collect the tax for the next year.    The only questions before us relate to the validity of the deeds made in pursuance of these three sales.    In each case the deed is attacked on three grounds, and in each case the plaintiff contends, first, that the tax, on account of which the sale was made, was invalid because the property was assessed to the wrong person, secondly, that it was invalid because there was not a sufficient description of the property in the valuation list, and thirdly, that the description in the deed is incorrect and insufficient.    In all other particulars it is conceded by the plaintiffs that the proceedings under which the defendants claim were regular.

1.  Were the several assessments made to the right person?  In each year the tax was assessed to Willard Welsh as owner.  On the first day of May in each year he held a title to the property under two deeds previously made to him by the collector, on sales of the property for non-payment of taxes.  These deeds were in proper form and had been duly recorded.  No contention has been made that, on their face, they fail to show a valid tax title in the grantee named in them.  It is said that on proper proceedings each of them has been held invalid by a court of competent jurisdiction, on account of errors, as we suppose, in the previous assessment.  The question is therefore presented, whether one holding such a deed duly recorded, which purports on its face to be regular and valid, is included in the language, " persons appearing in the records of the county where the real estate lies as owners thereof," within the meaning of these words in the St. 1889, c. 84, § 1, (R. L. c. 12, § 15, St. 1902, c. 113.) We are of opinion that he is.  In *Butler* v. *Stark*, 139 Mass. 19, it is decided that a title of record under a tax deed, which is

subject to a right of redemption, makes the holder a " person appearing of record as owner," within the Pub. Sts. c. 11, § 13. This case is decisive of the question before us. The statute does not put upon the assessors the burden of inquiring into the validity of titles which appear of record to be good.

2. The description of the property in the valuation list was sufficient. It is not intended that such a description should necessarily be accurate in detail for the purpose of a conveyance. It is enough if it fairly designates, for the information of those interested, the property intended to be taxed. *Bemis* v. *Caldwell*, 143 Mass. 299. *Tobey* v. *Wareham*, 2 Allen, 594. *Westhampton* v. *Searle*, 127 Mass. 502. Some of the requirements of the statute as to the classification of property in the assessment list are intended to furnish information for the public authorities in reference to the equalization of taxation among the cities and towns of the State, and a disregard of them is not fatal to the validity of the tax. *Westhampton* v. *Searle, ubi supra*. *Torrey* v. *Millbury*, 21 Pick. 64, 67.

In the present cases the reference to the house by number, the designation of the lot, and the statement of the number of square feet in it were a sufficient description for the valuation list.

3. The next question relates to the description in the deeds under which the defendants claim. In two of these deeds the descriptions are the same. They are accurate, except in one particular. In fixing the boundary line between the land conveyed and the land next south of it the deed starts at a point on Jerome Street " about one hundred and ten feet " from Hawthorne Street, and it gives the last course and distance returning to this point as " thence southerly on Jerome Street about sixty-five feet." In fact the point was exactly one hundred and ten feet from Hawthorne Street and sixty-five feet from lot number thirty-eight. If the word " about " had been omitted, the description would have been perfect; but where this word is used in connection with a statement of distance, it is treated as leaving the statement unaffected by it if there is nothing to show that it is not exactly correct. As the measurement from the fixed point in each direction corresponds with the figures given in the deed, and as the area stated also corresponds with the directions and distances, we think the use of the word "about "

does not create any uncertainty in the description in these two deeds, and that in these two cases the deed of the collector is valid.

In the third case, that of Young against Parker, the description differs from that already considered by giving the distance from Hawthorne Street as about one hundred and twelve feet, and the distance from lot thirty-eight as about sixty-three feet. If we treat the word "about" as we treated it in the other two deeds, it would fix the southerly line of the lot two feet further north than the true line, and would create a discrepancy between the dimensions and the area stated in the deed, and a like discrepancy between the deed and the statement in the valuation list. We cannot doubt, in view of the description in the valuation list and of the title of Willard Welsh then shown of record, that the land taxed was the lot sixty-five feet wide across the front extending to a line one hundred and ten feet from Hawthorne Street. This deed conveys only a part of that lot. At such a sale the collector was required by the statute to sell either the whole land taxed or an undivided part of it. R. L. c. 13, § 41. Therefore, his sale by metes and bounds of a part of the lot was invalid. In this case there should be a decree for the plaintiff. In the other two cases the bills will be dismissed.

*So ordered.*