EVERETT C. McMANUS *vs.* CITY OF BOSTON.

Suffolk.    November 8, 1946. — January 6, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Taxation,* Real estate tax: assessment.

Under G. L. (Ter. Ed.) c. 60, § 56, an assessment of real estate, appearing of record to be owned by two tenants in common on January 1, in the names of one of such record owners and of one who had no interest in the property, was not invalid.

CONTRACT. Writ in the Superior Court dated November 27, 1941.

The case was heard by *Hanify,* J.

In this court the case was submitted on briefs.

*R. L. Cummings,* for the plaintiff.

*J. W. Kelleher,* Assistant Corporation Counsel, & *W. H. Kerr,* for the defendant.

SPALDING, J. This is an action of contract to recover taxes paid pursuant to an alleged illegal assessment on three parcels of real estate. The case was heard on an "agreed statement of facts" by a judge, who ordered judgment for the defendant. The plaintiff appealed. In what purports to be a supplemental record there are included findings [1] by the judge and his rulings on requests presented by the plaintiff, but we disregard them as they are no part of the record on an appeal under G. L. (Ter. Ed.) c. 231, § 96. *Pequod Realty Corp.* v. *Jeffries,* 314 Mass. 713, 717. *Harrington* v. *Anderson,* 316 Mass. 187, 192.

---

[1] These findings were merely that the facts were "as stated in the 'agreed statement of facts.'"

The "agreed statement of facts" may be summarized as follows: On June 3, 1940, Stephen R. Casey and Cornelius C. Connor became the "true and record owners" as tenants in common of four parcels of real estate in Boston. On July 15, 1940, Connor conveyed his undivided half interest in these parcels to his wife, Carolyn M. Connor. At the time of the next assessment date, January 1, 1941, Stephen R. Casey and Carolyn M. Connor were the record owners of this property as tenants in common. The assessors as of that date assessed the taxes on one of the parcels to the then record owners; the taxes on the other three lots were assessed to Casey and Cornelius C. Connor; the former was a record owner but the latter was not. On July 31, 1941, the four parcels were conveyed to the plaintiff "who thereupon became and thereafter continued to be the true and record owner thereof." On October 1, 1941, he paid the taxes on each of the parcels under a written protest. In abatement proceedings prosecuted in his own name the plaintiff obtained a partial abatement of the tax on each parcel and this was refunded by the defendant. The plaintiff, contending that the taxes on three of the parcels were illegally assessed, brought this action to recover them back, less the amount previously refunded.

The judge did not err in ordering judgment for the defendant.

The taxes which the plaintiff seeks to recover were properly assessed. General Laws (Ter. Ed.) c. 59, § 11, as appearing in St. 1939, c. 175, provides, with exceptions not here material, that "Taxes on real estate shall be assessed, in the town where it lies, to the person who is the owner on January first, and the person appearing of record, in the records of the county, or of the district, if such county is divided into districts, where the estate lies, as owner on January first, even though deceased, shall be held to be the true owner thereof." But it is provided in G. L. (Ter. Ed.) c. 60, § 56, that "The assessment, sale or taking may be made in the name of one or more of the record owners at the date of assessment, and if so made, shall, subject to section forty-three, be deemed to be in the name of the

owner thereof." Thus, had the taxes in question been assessed to Casey alone, who was one of the record owners, the assessment would have been proper. *McLoud* v. *Mackie*, 175 Mass. 355. *Hunt* v. *Boston*, 183 Mass. 303, 304–305. Does the adding of a name of one who has no interest in the property, as was done here, invalidate the assessment? We are of opinion that it does not. The assessment of taxes is not strictissimi juris. "It has always been held that a non-compliance by the assessors with the strict requirements of the statutes, if it does not affect the rights of the tax-paying citizen, does not render the tax invalid." *Bemis* v. *Caldwell*, 143 Mass. 299, 300–301. See *Tyler* v. *Hardwick*, 6 Met. 470, 473–474; *Masonic Building Association* v. *Brownell*, 164 Mass. 306, 313; *Lenox* v. *Oglesby*, 311 Mass. 269, 273. The irregularity in the case at bar is of this nature. Moreover it is provided in G. L. (Ter. Ed.) c. 60, § 21, that "If, in the assessors' lists or in their warrant and list committed to the collector, there is an error in the name of a person taxed, the tax assessed to him may be collected of the person intended to be assessed, if he is taxable and can be identified by the assessors." Construing an earlier statute containing substantially the same language in *Tyler* v. *Hardwick*, 6 Met. 470, 474, Shaw, C.J., said, "The statute is plain and explicit, and covers all cases of error in the name, and was intended, we think, to apply to a case where the name is mistaken by omitting, as well as by adding or by misnaming." In *Westhampton* v. *Searle*, 127 Mass. 502, it was held that where a tax on real estate was assessed to James M. Chapman & Son and the son had no interest in the property and was not in possession of it, the tax, by virtue of the statute, could be collected of James M. Chapman as the person intended to be taxed.

We think that the assessment here which included the name of one of the owners of record was a sufficient compliance with the statutes, and that the addition of the name of Cornelius C. Connor may be treated as surplusage within the principle of the maxim utile per inutile non vitiatur. *Welles* v. *Battelle*, 11 Mass. 477, 482. *Lowell* v. *Lowell Building Corp.* 309 Mass. 165, 172. See *Westhampton* v.

*Searle,* 127 Mass. 502. It is difficult to see how the taxpayer could have been harmed or misled by this. To decide otherwise, thereby allowing the plaintiff to escape from paying his just proportion of the public charges, is a result that we should reach only if required by clear and unequivocal statutory provisions. Such provisions are not to be found. There is nothing at variance with the conclusion here reached in *Stinson* v. *Boston,* 125 Mass. 348, relied on by the plaintiff. In that case it was held that a tax assessed by the city of Boston to five joint owners of a ship was void by reason of the fact that two of the owners did not reside in Boston and were not taxable there. But there was no statute then relating to personalty comparable to G. L. (Ter. Ed.) c. 60, § 56, and hence there was no power in the assessors to assess the whole tax upon the ship to any one of the owners.

*Judgment for the defendant.*