ELIZABETH A. KEEGAN *vs.* ASSESSORS OF BOSTON.

Suffolk.    February 6, 1956. — May 10, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Taxation,* Real estate tax: abatement.

One who purchased land and paid the current tax thereon was entitled under G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1933, c. 165, § 1, to "prosecute in his own name" an appeal to the Appellate Tax Board from a subsequent denial by the assessors of an application for abatement seasonably filed by a previous owner assessed the tax and pending before them at the time of such purchase and payment.

APPEAL from a decision by the Appellate Tax Board.

*Arthur D. Altman,* (*Michael Bergner* with him,) for the taxpayer.

*Samuel Bonaccorso,* Assistant Corporation Counsel, for the assessors of Boston.

RONAN, J.   Boylpark Inc., the owner of a parcel of land in Boston on January 1, 1951, was assessed the annual real estate tax for 1951 upon said premises.   In January of that year it conveyed the land to the second mortgagee, one Raldne Corporation, in lieu of a foreclosure.   Boylpark Inc. on September 26, 1951, filed an application with the assessors for an abatement of the tax.   Raldne Corporation conveyed the premises on October 31, 1951, to the appellant, Elizabeth A. Keegan, and she on the same day paid the tax in full.   She filed an appeal in her own name with the

Appellate Tax Board on March 26, 1952, because of the failure of the assessors by December 26, 1951, to act on the abatement sought by Boylpark Inc. in its application of September 26, 1951, and the consequent denial thereof. The Appellate Tax Board dismissed her appeal on the grounds that the assessors were without authority to grant an abatement to her, that the Appellate Tax Board could not abate a tax that the assessors could not abate, and that, having failed to file an application with the assessors, she had no standing to appeal to the Appellate Tax Board. Her appeal from the decision of the Appellate Tax Board brings the case here.

The question is whether the appellant as purchaser of the property and the payer of the taxes has the right to prosecute in her own name the proceedings for the abatement of the tax which were begun on September 26, 1951, by the filing of an application by the person to whom the tax had been assessed, although the appellant never filed any application for an abatement with the assessors.

A proceeding for the abatement of our real estate tax is of statutory origin, and one seeking an abatement must comply with the various steps comprising the statutory system, one of the first and constituent parts being the filing of an application upon an approved form containing certain information and filed with the assessors on or before a designated date. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509, 511–512. *Old Colony Railroad* v. *Assessors of Boston*, 309 Mass. 439, 441. *Assessors of Boston* v. *Neal*, 311 Mass. 192.

Prior to the amendment of G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, a purchaser of the premises subsequent to the assessment date had no standing to bring and maintain an application for an abatement of the tax because he was not a person to whom the tax had been assessed as the law then stood. *Hough* v. *North Adams*, 196 Mass. 290. *Dunham* v. *Lowell*, 200 Mass. 468. *Choate* v. *Assessors of Boston*, 304 Mass. 298. The amendment increased the class

of persons to whom the remedy by abatement was made available and read as follows: "If a person other than the person to whom a tax on real estate is assessed is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax, he may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax, which after the payment thereof shall be deemed for the purposes of such application, appeal or action, to have been assessed to the person so paying the same." The application for an abatement was seasonably filed by Boylpark Inc. on September 26, 1951. G. L. (Ter. Ed.) c. 59, § 59, as amended. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509. Payment of the tax was not a condition precedent to filing an application with the assessors when the applicant was the person assessed. *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 313 Mass. 762. *Assessors of Everett* v. *General Electric Co.* 330 Mass. 464. While the application of Boylpark Inc. was pending before the assessors the premises were purchased by Miss Keegan and the tax was fully paid by her. Upon the payment of the tax, the purchaser acquired the right to "prosecute in . . . [her] own name" the proceedings already begun by Boylpark Inc. when it filed its application with the assessors. Although Miss Keegan could take no step in those proceedings until after she "pays the tax," G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1933, c. 165, § 1; *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 311 Mass. 415, 418-419, thereafter she acquired the right to "'prosecute' a proceeding already duly commenced." In other words, until the payment by her of the tax she was not aggrieved by a tax which had not been assessed to her but upon payment she could on her own behalf enforce any live proceeding seeking an abatement.

The decision of the Appellate Tax Board dismissing the appeal is reversed and the case is to stand for further hearing before the board in conformity with this opinion.

*So ordered.*