SMALL BUSINESS ADMINISTRATION *vs.* BOARD OF ASSESSORS
OF FALMOUTH.

Suffolk.   December 4, 1962. — January 4, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Taxation,* Real estate tax: abatement, exemption, assessment; Void tax;
Appellate Tax Board: jurisdiction, parties.   *Small Business Administration.*

On appeal from a decision by the Appellate Tax Board that it lacked
jurisdiction to entertain an appeal from a refusal by a board of assessors to abate a real estate tax, where the proceedings before the board
appeared from the record to be regular on their face and in accordance
with the governing statutes, and the record, not containing an opinion
by the board, did not disclose the ground of the decision, this court reversed the decision.   [294–295, 297, 299]

Where the owner of real estate on a January 1 conveyed it shortly thereafter to one who gave a lease of it, and the lessee, in possession, paid
the tax assessed as of January 1 to the then owner, the lessee became
entitled under G. L. c. 59, § 59, to prosecute in her own name an appeal
to the Appellate Tax Board taken by the January 1 owner from a refusal of the board of assessors to abate the tax.   [297–298]

Real estate owned by the Small Business Administration, existing under
the Federal Small Business Act, is exempt from local taxation under
G. L. c. 59, § 5, First.   [298]

Exemption from a local tax assessed on real estate owned on the tax day,
January 1, by an agency of the United States was not affected by the
facts that shortly after that day it was conveyed by the agency to one
in whose ownership it would not have been exempt and that the assessment was jointly to the agency and to the grantee as "Sub Owner."
[298]

A proceeding for abatement is an available remedy in case of an invalid
assessment of exempt real estate which is the only property in the town
owned by the taxpayer.   [298]

APPEAL from a decision by the Appellate Tax Board.

*Robert J. Owens* for the taxpayer.

No argument nor brief for the Board of Assessors of
Falmouth.

WILKINS, C.J.   The taxpayer appeals from a decision of
the Appellate Tax Board that jurisdiction was lacking to

hear an appeal from a refusal of the appellee board of assessors of Falmouth to abate a 1960 tax upon real estate. G. L. c. 58A, § 13, as amended. The tax board filed no opinion. The appellee assessors have filed no brief with us. Accordingly, we cannot know the precise ground of the tax board's decision, but we infer that it related to letters to the tax board from the United States Attorney for the District of Massachusetts which are marked as filed with the clerk of the tax board and are printed in the record. The United States Attorney entered no appearance in the case, and in the first letter expressly disclaimed doing so. The letters cannot be considered as any form of pleading. Their presence in the record, while irregular, offers a possible clue to a reason for the tax board's action.

On January 4, 1961, a petition under formal procedure to abate the tax was filed upon behalf of Small Business Administration (Small Business) as appellant by Mr. Owens as its attorney. The allegations are that on January 1, 1960, the appellant was the owner of real estate on County Road, North Falmouth, designated as lot F, and consisting of 5.22 acres of land with hotel, house, pool, and accessory buildings[1]; that the assessors valued the property at $131,650 and assessed to Small Business[2] a tax of $6,714.15; that the tax with interest was paid on December 23, 1960; and that on September 15, 1960, Small Business filed an application for an abatement which was signed by the director of the Boston regional office. The assessors did not act upon the application within three months of filing. G. L. c. 59, § 64, as amended.

The grounds upon which the appellant claims to be aggrieved are set forth in the petition: (a) overvaluation; and (b) "the appellant is the agency of the Federal Government created by Act of Congress on July 30, 1953 (United States Code, Title 15, s. 631 et seq., ch. 282, Title II, 67 Stat.

---

[1] Title was acquired by deed of May 1, 1959, from the trustee in bankruptcy of Cape Cod Manor, Inc., which was received for registration in the Barnstable Registry District on December 14, 1959.

[2] The bill was made out to "Small Business Administration Evelyn P. O'Connell, Sub Owner."

230); made permanent by the Small Business Act of 1958, and under the provisions of G. L. (Ter. Ed.) c. 59, s. 5, clause First, its property is exempt from taxation.''

On January 21, 1960, Small Business conveyed the property to one Evelyn O'Connell ''free and clear of all Federal tax liens, and all tax liens of the Town of Falmouth,'' and on the same day she made a lease to Paula S. and Frederick A. Callahan, Jr.[1] The lease contained a provision that the parties ''do not anticipate that any real or personal property assessments are to be levied by the town for 1960, but if an assessment is levied, the lessees covenant to pay the taxes as assessed when due.''

On May 10, 1961, Mr. Owens, as ''her attorney,'' filed a motion to amend the petition on behalf of ''Paula S. Callahan, lessee in possession of the subject property and the person who paid the tax . . . by substituting or adding her name as an appellant . . . .'' This motion was assented to by counsel for the assessors. On June 14, 1961, there was a hearing on the original petition. At this time two of the three letters, hereinafter described, from the United States Attorney had been received. On November 7, 1961, Paula S. Callahan, ''the person who paid the tax and tenant in possession,'' moved that she be permitted to prosecute the appeal in her own name. Both motions were denied on February 5, 1962, the date of the decision that jurisdiction was lacking to hear the appeal. On February 16, 1962, ''the appellant,'' that is Small Business, through Mr. Owens, as its attorney, filed a motion to vacate the decision ''on the grounds [*sic*] that there is no lack of jurisdiction apparent on the pleadings'' and asking leave ''to present evidence on all matters requisite to confer jurisdiction'' on the tax board. The motion was assented to by Mr. Owens as attorney for Paula S. Callahan, and was denied on February 26, 1962.

To seek some basis for the tax board's decision, we examine letters, three in number, from the United States Attor-

[1] Frederick A. Callahan, Jr., died at an unstated date which we infer was before December 23, 1960.

ney. The first letter, dated May 10, 1961, purported to be sent at the instruction of the Department of Justice, and, citing cases, questioned the right of Mr. Owens to act upon behalf of Small Business, and asserted the right of the United States to bring an action in a District Court of the United States to have the taxes declared invalid against the United States "acting by and through its agency, Small Business Administration."[1] The second letter, dated May 23, 1961, disclaimed any objection to Mr. Owens proceeding on behalf of his own client, "the present owner and tenant," advised that the tax assessed by the town on January 1, 1960, "on property then owned by the Small Business Administration, an agency of the United States," was invalid, and renewed the threat, "unless a favorable determination is otherwise made," to bring an action in the District Court to declare the tax invalid. The third letter, dated February 19, 1962, revoked the effect of the two earlier letters, and stated: "Upon reviewing the record of this case, it has been determined to withdraw any objection we may have had to the institution of said case on behalf of the Small Business Administration. Accordingly, please disregard said letters in considering any of the issues which may be raised . . . ."

Where neither the tax board nor the respondent assessors have troubled to point out any alleged ground of lack of jurisdiction there most assuredly is no duty upon us to speculate for them. The proceedings appear to be regular on their face and to be in compliance with the governing statutes. G. L. c. 58A, § 6; c. 59, §§ 59, 64, and 65, all as amended.

Small Business, as the owner of record and the owner in fact of the real estate on January 1, 1960, was a person aggrieved by the assessment. The proceedings may be prosecuted in the name of the appellant by a purchaser or other person beneficially interested such as Paula S. Callahan, the lessee in possession who paid the tax. See *Hamilton*

---

[1] On the procedural point was cited *Springfield* v. *United States*, 99 F. 2d 860 (1st Cir.), cert. den. 306 U. S. 650.

*Mfg. Co.* v. *Lowell,* 274 Mass. 477, 481. In the case at bar Paula S. Callahan falls within G. L. c. 59, § 59 (as amended through St. 1946, c. 199), which provides in part: "If a person other than the person to whom a tax on real estate is assessed is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax, he may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax, which after the payment thereof shall be deemed for the purposes of such application, appeal or action, to have been assessed to the person so paying the same." *Keegan* v. *Board of Assessors of Boston,* 334 Mass. 169, 171. The denial of Paula S. Callahan's motion to prosecute the petition in her own name was error.

As the United States Attorney pointed out in his first letter, it had been decided in *Small Business Administration* v. *McClellan,* 364 U. S. 446, 450, that "the Small Business Administration is 'an integral part of the governmental mechanism' created to accomplish what Congress deemed to be of national importance." As such it was exempt from taxation. G. L. c. 59, § 5, First (as amended through St. 1956, c. 690, § 3).

The fact that later in January the property was sold to someone who would not have been exempt did not endow the assessors with retroactive power to persist in the assessment. The assessment jointly to Small Business with the designation of a "Sub Owner" was a futile device. The ownership on January 1 continued to govern throughout the year and precluded any assessment. *Irving Usen Co. Inc.* v. *Board of Assessors of Boston,* 309 Mass. 544. Where the property was the only property owned by Small Business in Falmouth, the proceeding could be properly brought as one for abatement. *Norwood* v. *Norwood Civic Assn.* 340 Mass. 518, 523.

Viewed as a whole, the letters of the United States Attorney were a mistaken intrusion. That the first letter correctly took the position that the tax was illegally assessed was not the statement of a substantive ground which would

deprive the tax board of jurisdiction to take the proper action which was its duty. As the decision that the tax board lacked jurisdiction was error, we do not reach consideration of the denial of the motion to vacate that decision.

The order denying the motion of Paula S. Callahan to prosecute the petition in her name is reversed. The decision of the Appellate Tax Board that it was without jurisdiction to hear the appeal is reversed. Further proceedings of the Appellate Tax Board are to be in conformity with this opinion.

*So ordered.*