TRUSTEES OF THE HAWES FUND IN BOSTON *vs.* CITY OF BOSTON.

Suffolk.    April 2, 1963. — May 3, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Taxation,* Real estate tax: assessment.

Under G. L. c. 59, § 11; c. 60, § 21, taxes on parcels of real estate in Boston owned by a corporation named "Trustees of the Hawes Fund in Boston" were not illegally assessed where the assessments were made to "Hawes Fund Trustees" or "Hawes Fund Trustees Of."

CONTRACT.    Writ in the Superior Court dated November 7, 1961.

The action was heard by *Ford, J.*

*Raymond L. Cummings,* for the plaintiff, submitted a brief.

*William H. Kerr* for the defendant.

SPALDING, J.    This is an action of contract to recover back taxes paid pursuant to alleged illegal assessments on numerous parcels of real estate.    The case was heard on a case stated and the judge ordered judgment for the defendant.    The plaintiff appealed.    G. L. c. 231, § 96.

The plaintiff is a corporation, the name of which is "Trustees of the Hawes Fund in Boston," hereinafter Hawes Fund.    It was formed by special act (St. 1831, c. 55, § 1) to receive property left in trust for charitable and religious purposes by John Hawes who died in 1829.    On April 21, 1961, Hawes Fund, pursuant to G. L. c. 59, § 29 (as amended through St. 1933, c. 254, § 34), filed a list of property held by it.    Two parcels were listed as being held for charitable purposes, and the remainder, thirty-two parcels, as being held for noncharitable purposes.    We are concerned only with the latter.    The commissioner of assessing of Boston assessed an aggregate tax of $3,339.92 on eighteen parcels in his annual valuation list as of January 1, 1961, to

"Hawes Fund Trustees"; and an aggregate tax of $5,985.70 on fourteen parcels to "Hawes Fund Trustees Of." These thirty-two parcels "were not exempt from taxation on January 1, 1961."

On June 15, 1961, the commissioner committed his annual tax list (including the taxes on the two groups of parcels just mentioned) to the collector-treasurer of Boston. On August 7, 1961, the collector-treasurer sent to "Hawes Fund Trustees" notices of the taxes on eighteen parcels, and to "Hawes Fund Trustees Of" notices of the taxes on the fourteen parcels. Each notice was addressed to Room 83, 89 State Street, Boston.

After a written protest signed by it, Hawes Fund paid the taxes assessed on the thirty-two parcels, and thereafter seasonably commenced this action of contract under G. L. c. 60, § 98, to recover back the amount paid, with interest from the date of payment.

General Laws c. 59, § 11 (as amended through St. 1958, c. 549, § 2), provides, "Taxes on real estate shall be assessed, in the town where it lies, to the person who is the *owner* on January first, and the person appearing *of record,* in the records of the county . . . where the estate lies, as owner on January first . . . shall be held to. be the true owner thereof . . ." (emphasis supplied). Section 11 thus contemplates that assessments shall be made to the owner and at least permits assessments to be made to the owner of record.

Hawes Fund contends that the tax was illegally assessed because it was not assessed to either the properly named owner or the person appearing of record. We are of opinion that the judge did not err in ordering judgment for the defendant.

"It has always been held that a non-compliance by the assessors with the strict requirements of the statutes, if it does not affect the rights of the tax-paying citizen, does not render the tax invalid." *Bemis* v. *Caldwell,* 143 Mass. 299, 300–301. The irregularity in the case at bar is of this nature. Moreover, it is provided by G. L. c. 60, § 21, that

"If, in the assessors' lists or in their warrants and list committed to the collector, there is an error in the name of a person taxed, the tax assessed to him may be collected of the person intended to be assessed, if he is taxable and can be identified by the assessors." Construing an earlier statute containing substantially the same language, Shaw, C.J., said, "The statute is plain and explicit, and covers all cases of error in the name, and was intended, we think, to apply to a case where the name is mistaken by omitting, as well as by adding or by misnaming." *Tyler* v. *Hardwick,* 6 Met. 470, 474.

Hawes Fund urges that G. L. c. 60, § 21, does not control because the defendant failed to establish by "evidence aliunde" that Hawes Fund was the "person intended to be assessed." *Tyler* v. *Hardwick, supra,* at 474–475. In that case such evidence was needed to establish the identity of the party to be taxed. Here there can be no doubt from the facts set forth in the case stated that Hawes Fund was "the person intended to be assessed." The differences in the names contained in the tax list committed by the commissioner to the collector-treasurer closely approximated the true name of the owner, and it is difficult to see how Hawes Fund could have thought that any other person was intended to be assessed. There is nothing in the statement of agreed facts to indicate that the rights of the taxpayer have been prejudiced in any way. See *McManus* v. *Boston,* 320 Mass. 585. In short, the irregularity here is typical of the sort of error which the Legislature has declared by G. L. c. 60, § 21, should not invalidate a tax.

*Order for judgment affirmed.*