CANRON, INC. *vs.* BOARD OF ASSESSORS OF EVERETT.

Suffolk.   November 8, 1974. — January 16, 1975.

Present: QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Taxation,* Real estate tax: assessment, abatement.

The time prescribed by G. L. c. 59, § 59, within which a person assessed must file an application for abatement of real estate taxes also applies to an application filed by a person other than the person assessed. [636-638]

Where, before recording of the deed in a sale of real estate, the collector of taxes, failing to comply with G. L. c. 60, § 3, mailed a notice of tax on the real estate addressed to the seller as owner in care of the purchaser, and the purchaser believing that it was the assessed party, seasonably filed an application for abatement as such, but did not first pay the tax and made no further application within the time for filing allowed by G. L. c. 59, § 59, the irregularity in mailing did not substantially prejudice the purchaser's rights and the purchaser lost its right to apply for an abatement. [638-640]

APPEAL from a decision of the Appellate Tax Board.

*John M. Hall* for the taxpayer.

*Richard J. O'Neil (Robert A. Saggese* with him) for the Board of Assessors of Everett.

WILKINS, J.  In this taxpayer's appeal from the decision of the Appellate Tax Board (board), we must decide whether the time period within which a person assessed must file an application for abatement of local real estate taxes also applies to an application filed by a person other than a person assessed. See G. L. c. 59, § 59.[1] If we conclude

---

[1] The relevant portions of G. L. c. 59, § 59, as amended through St. 1965, c. 615, § 2, read as follows: "A person upon whom a tax has been assessed . . . may . . . on or before October first of the year to which the tax relates or, if . . . the bill or notice

that the same time limitations apply to all applicants for abatement, we must then determine whether in the circumstances the application for abatement was filed seasonably.

Facts found by the board, mostly on the basis of a stipulation by the parties, may be summarized briefly. In April, 1970, Shahmoon Industries, Incorporated (Shahmoon), sold various assets, including real estate in Everett (the premises), to the appellant Canron, Inc. (Canron). However, no deed conveying the premises was recorded until late in 1971. In June, 1971, Shahmoon advised the board of assessors of Everett (the assessors) by letter that the premises had been sold and enclosed a copy of an executed bill of sale to Canron. That bill of sale indicated that the principal office of Canron was 1121 Ville Marie Place, Montreal, Quebec, Canada, and contained a written acceptance, purportedly executed on behalf of Canron. On October 8, 1971, the collector of taxes of Everett mailed Canron a notice of 1971 real estate taxes on the premises, which set forth the name and address of the owner as "Shahmoon Industries, Inc. c/o Canron Inc., 1121 Ville Marie Place, Montreal, Quebec, Canada 02149."

Although Canron did not have a "legal" office in Montreal, its parent company (Canron Ltd.) did. The tax notice was received by Canron at its offices in New Jersey. On November 5, 1971, without paying the real estate taxes in advance, Canron filed an application for an abatement of taxes on the premises, listing itself as the person assessed. The assessors returned the tax bills for payment and inquired whether deeds transferring the premises had been recorded. The deed was recorded subsequently on Decem-

was first sent after September first of such year, on or before the thirtieth day after the date on which the bill or notice was so sent, apply in writing to the assessors, on a form approved by the commissioner, for an abatement thereof.... [First sentence.] If a person other than the person to whom a tax on real estate is assessed is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax, he may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax, which after the payment thereof shall be deemed for the purposes of such application, appeal or action, to have been assessed to the person so paying the same. [Third sentence.]"

ber 31, 1971. On February 11, 1972, a demand for payment of 1971 real estate taxes on the premises was sent to "Shahmoon Industries, Inc. 19 Robin Street Everett, Mass. 02149 c/o Canron, Inc. 1121 Ville Marie Place Montreal, Quebec Canada."

On March 2, 1972, Canron paid the 1971 local real estate taxes assessed on the premises, and, on March 7, 1972, filed with the assessors an application for abatement of those taxes. Subsequently Canron appealed to the board from the denial, by inaction, of the abatement application. See G. L. c. 59, §§ 64, 65.

The board found that the assessors had made a good faith effort to coöperate with Shahmoon and Canron with respect to billing for 1971 real estate taxes on the premises, "even though the facts indicate that the procedures followed left much to be desired." The board further found that "[a]ny mix-up" with respect to the address to which the bill was sent did not prejudice Canron. The board ruled that under G. L. c. 59, § 59, the November 5, 1971, abatement application was ineffective because Canron, as "a person other than the person to whom a tax on real estate is assessed," had not paid the tax.[2] The board further ruled that the tax notice sent on October 8, 1971, was sufficient to initiate the thirty-day period, set forth in G. L. c. 59, § 59, during which an application for abatement must be filed (if the tax bill or notice is first sent after September first in any year) and that Canron was as much subject to the limitations of that thirty-day period as an assessed owner or other assessed person. The board allowed the assessors' motion to dismiss the appeal to it for want of jurisdiction, and Canron appealed. We affirm the board's decision.

1. The time period for filing an application for abatement, which clearly applies to "[a] person upon whom a tax has been assessed," applies as well to other persons (such as

---

[2] Canron does not argue that the November, 1971, application for abatement was filed effectively.

Canron here) who may file applications for abatement.[3] Prior to the effectiveness of St. 1933, c. 165, § 1, which added the third sentence of G. L. c. 59, § 59, only a person to whom a local real estate tax had been assessed (and, in some circumstances, a tenant) could file an application for abatement of that tax. See *Boston Five Cents Sav. Bank* v. *Assessors of Boston,* 311 Mass. 415, 416 (1942). That 1933 amendment to § 59 grants to a person other than the party assessed, if he has paid the tax, the right to "prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax." That amendment says nothing about the procedures to be followed in pursuing this new right. However, because the amendment was added to G. L. c. 59, § 59, and because the new right is to prosecute any application "provided by law," we regard the time limitations expressly applicable to an assessed party under the first sentence of § 59 as equally applicable to one who has a right to seek an abatement under the third sentence of § 59.[4]

There is no strong reason to make a distinction between the two classes of potential applicants, and certainly there is no compelling reason why a person who is not the owner on the assessment date should have more time to seek administrative relief than the person assessed. There is, however, reason for the Legislature to have adopted a course which permits a municipality to know by a particu-

---

[3] This issue has not been decided by us previously, although opinions of ours may be read to assume that a person other than the assessed person is subject to the time limitations of § 59. See *Boston Five Cents Sav. Bank* v. *Assessors of Boston,* 311 Mass. 415, 419-420 (1942); *Keegan* v. *Assessors of Boston,* 334 Mass. 169, 170 (1956).

[4] These time limitations are an integral part of the right to seek an abatement, and "failure to apply within the prescribed time destroys the right." *Old Colony R.R.* v. *Assessors of Quincy,* 305 Mass. 509, 511-512 (1940).

A new owner may pay the tax and assume the prosecution of any properly pending proceeding, which was commenced by the assessed party for the abatement of the tax. *Keegan* v. *Assessors of Boston,* 334 Mass. 169, 170-171 (1956). If the time for filing an application for abatement has expired when a person purchases real estate, he takes the property in the same status as the owner who sold it.

lar date the scope of its potential liability for claimed tax abatements. See *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 308 (1941). The construction urged by Canron opens the possibility of circumvention of the time limitations of § 59 by an assessed owner who has discovered that an application cannot be filed seasonably by him, but could be so filed by someone else with an "interest" in the property.[5]

We see no merit in Canron's constitutional argument that it has been denied due process of law by the interpretation of § 59 which we have made. See *Old Colony R.R.* v. *Assessors of Boston,* 309 Mass. 439, 445-446 (1941) (requirement of prepayment of the tax within a particular time period); *Lowell* v. *Marden & Murphy, Inc.* 321 Mass. 597, 599 (1947), cert. den. and app. dism. for want of substantial Federal question, 332 U. S. 850 (1948) (same); *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526, 537 (1895) (an opportunity to be heard on the validity and amount of a property tax satisfies due process requirements); *Orient Ins. Co.* v. *Assessors for the Parish of Orleans,* 221 U. S. 358, 360-361 (1911) (reasonable time limit to seek reduction in taxes). Canron acquired the premises in April, 1970. Certainly it had ample opportunity to preserve its rights to challenge local real estate taxes assessed as of January 1, 1971, and billed in October, 1971.

2. We turn next to Canron's argument that, if it is subject to the time restraints of § 59, the thirty-day period did not commence on October 8, 1971, when the collector of taxes mailed a notice to Shahmoon, care of Canron in Montreal. Canron correctly points to G. L. c. 60, § 3, as appearing in St. 1933, c. 254, § 50, which directs the collector to "send notice to each person assessed, resident or nonresident, of the amount of his tax; if mailed, it shall be postpaid and directed to the town where the assessed person

---

[5] The statutory right to "prosecute . . . any application, appeal or action provided by law for the abatement or recovery of such tax" includes the right to commence any such proceeding. See *Boston Five Cents Sav. Bank* v. *Assessors of Boston,* 311 Mass. 415, 417 (1942).

resided on January first of the year in which the tax was assessed." Canron argues that the board was in error in ruling that the October 8, 1971, notice was effective to begin the running of the thirty-day period for applying for an abatement. The assessors argue, in response, that an irregularity does not invalidate a tax notice if the tax-payer's rights were not prejudiced by the irregularity. We have so held in other contexts involving tax statutes. See *Boston* v. *Boston Port Dev. Co.* 308 Mass. 72, 74-75 (1941); *McManus* v. *Boston,* 320 Mass. 585, 587 (1947); *Trustees of the Hawes Fund in Boston* v. *Boston,* 346 Mass. 26, 27-28 (1963). Cf. *Lowell* v. *Marden & Murphy, Inc., supra,* at 599. The same principle of law is appropriately applicable to the issue here.

Although, in sending the tax notice as he did, the collector did not comply with the requirement of G. L. c. 60, § 3, we see no substantial prejudice to Canron from the mailing of the notice to Montreal. The Montreal address was one which Canron had acknowledged, at least indirectly, as its own on the bill of sale. In any event, we are not dealing here with a question of timeliness, because Canron did file an application for abatement within thirty days of October 8, 1971.

Canron's problem was its failure to realize that it was not the assessed owner of the premises (because no deed had been recorded prior to January 1, 1971). Canron seeks to place the responsibility for this failure on the improper addressing of the tax notice. The board found, however, that "[a]ny mix-up" regarding the address to which the bill was sent "was not the cause of any loss of rights of the appellant." The basic question before the board, of course, was whether the form of the notice reasonably contributed to Canron's mistaken belief that it was the assessed owner. We think the board was warranted in finding that it did not. The tax notice set forth "Shahmoon Industries, Inc." under the heading "Name and Address of Owner." It then set forth "c/o Canron Inc." and the Montreal address. The board was not required to rule as matter of law that Canron's filing of an application for abatement listing itself

as the person assessed was attributable to the action of the assessors or the collector of taxes.[6]

3. Because the collector's noncompliance with G. L. c. 60, § 3, did not substantially prejudice Canron, the board was correct in ruling that the thirty-day period to apply for an abatement commenced on October 8, 1971. And, because Canron as a person other than the assessed party was subject to that thirty-day limitation, the board was correct in dismissing the appeal for want of jurisdiction.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*

------

[6] The record suggests that, when the application was filed on November 5, 1971, Canron's representative believed mistakenly that a deed of the premises to it had been recorded prior to January 1, 1971. Shortly thereafter that representative was advised otherwise by Canron's counsel.